# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| Curae Health, Inc., ) | Case No. 18-05665 |
| Amory Regional Medical Center, Inc., ) | Case No. 18-05675 |
| Batesville Regional Medical Center, Inc., ) | Case No. 18-05676 |
| Clarksdale Regional Medical Center, Inc. ) | Case No. 18-05678 |
| Amory Regional Physicians, LLC ) | Case No. 18-05680 |
| Batesville Regional Physicians, LLC ) | Case No. 18-05681 |
| Clarksdale Regional Physicians, LLC ) | Case No. 18-05682 |
| ) | |
| 1721 Midpark Road, Suite B200 ) | Judge Walker |
| Knoxville, TN 37921 ) | |
| Debtors. ) | Joint Administration Pending |

**EXPEDITED MOTION OF DEBTORS FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES AND APPROVING CASE MANAGEMENT PROCEDURES**

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby move the Court (the "**Motion**") for entry of an order, substantially in the form attached hereto as Exhibit A (the "**Order**"), pursuant to sections 102 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"); Rules 1015(b), 2002(m), and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and Rule 2081-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Middle District of Tennessee (the "**Local Rules**"), directing the joint administration of these chapter 11 cases and the consolidation thereof for procedural purposes only and establishing certain notice, case management, and administrative procedures. In support of the Motion, the Debtors rely upon the *Declaration of Stephen N. Clapp, Chief Executive Officer of Curae Health, Inc., in Support of Chapter 11 Petitions and First Day Pleadings*, filed with the Court concurrently herewith (the "**First Day Declaration**"). In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code section 105(a), Bankruptcy Rule 1015(b).

## BACKGROUND

3. On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court commencing a case for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The factual background regarding the Debtors, including their business operations, their debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the First Day Declaration and fully incorporated herein by reference.

4. The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases and no committees have yet been appointed.

## RELIEF REQUESTED

5. By this Motion, the Debtors seek entry of an order directing the joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only. Many of the motions, applications, hearings, and orders that will arise in these Chapter 11 Cases will affect most, if not all, of the Debtors jointly. For that reason, the Debtors respectfully submit that their interests, as well as the interests of their creditors and other parties in interest, would be best served by the joint administration of these Chapter 11 Cases for procedural purposes only.

6. The Debtors further seek entry of an order directing the Clerk of the Court to maintain one file and one docket for all of these Chapter 11 Cases under the case of Curae Health, Inc. In addition, the Debtors seek the Court's direction that separate docket entries be made on the dockets of each Chapter 11 Case (except that of Curae Health, Inc.) substantially as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Curae Health, Inc. and its affiliates that have concurrently commenced chapter 11 cases. The docket in the chapter 11 case of Curae Health, Inc., Case No. 18-05665, should be consulted for all matters affecting this case."

7. The Debtors further request that the caption of these Chapter 11 Cases be modified as follows to reflect their joint administration:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Curae Health, Inc., *et al.*[1] | ) | Case No. 18-05665 |
| | ) | |
| 1721 Midpark Road, Suite B200 | ) | Judge Walker |
| Knoxville, TN 37921 | ) | |
| Debtors. | ) | Jointly Administered |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Curae Health, Inc. (5638); Amory Regional Medical Center, Inc. (2640); Batesville Regional Medical Center, Inc. (7929); and Clarksdale Regional Medical Center, Inc. (4755); Amory Regional Physicians, LLC (5044); Batesville Regional Physicians, LLC (4952); Clarksdale Regional Physicians, LLC (5311).

8. Debtors further seek an order establishing certain notice, case management and administrative procedures, all subject to further order of the Court, including: (a)

administratively consolidating the Chapter 11 cases, (b) limiting the notice procedures in the Chapter 11 cases; and (c) designating the parties upon whom notice must be served.

9. By regulating the service, notice and filing requirements at the outset of these cases, the Court will establish a standard procedure for noticing of creditors and parties in interest and minimize confusion regarding such important procedural matters. Further, these proposed procedures will ease the Court's administration of these cases and dramatically reduce the economic burdens on the Debtors' estates.

10. Specifically, the Debtors propose that every notice, motion or application, and all briefs, memoranda, affidavits, declarations or other documents filed concurrently in support thereof in these cases (collectively, the "**Filings**") shall be subject to the notice procedures described below (the "**Notice Procedures**"), unless otherwise ordered by the Court.

## BASIS FOR RELIEF

11. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Debtor Curae Health, Inc. is the sole member and sponsor of Debtors Amory Regional Medical Center, Inc., Batesville Regional Medical Center, Inc., and Clarksdale Regional Medical Center, Inc. Amory Regional Medical Center, Inc. is the sole member of Debtor Amory Regional Physicians, LLC. Batesville Regional Medical Center, Inc. is the sole member of Debtor Batesville Regional Physicians, LLC. And Clarksdale Regional Medical Center, Inc. is the sole member of Debtor Clarksdale Regional Physicians, LLC. Debtors, therefore, are "affiliates" within the meaning of Bankruptcy Code section 101(2) and, accordingly, this Court has the authority to grant the requested relief pursuant to Bankruptcy Rule 1015(b).

12. Joint administration of these Chapter 11 Cases will ease the administrative burden on this Court and all parties in interest. Joint administration of these Chapter 11 Cases will not prejudice creditors or other parties in interest because joint administration is purely procedural and will not impact the parties' substantive rights.

13. Bankruptcy Courts routinely order joint administration of related chapter 11 cases for procedural purposes. *See, e.g.*, *In re Vanguard Healthcare, LLC*, Case No. 16-03296 (Bankr. M.D. Tenn. May 6, 2016) [Docket No. 30]; *In re ProNerve Holdings, LLC*, Case No. 15-10373 (KJC) (Bankr. D. Del. Feb. 26, 2015) [Docket No. 30]; *In re Entegra Power Grp. LLC*, Case No. 14-11859 (PJW) (Bankr. D. Del. Aug. 6, 2014) [Docket No. 36]. Accordingly, based on the foregoing facts and authorities, the Debtors submit that the relief requested in this Motion should be granted.

14. Bankruptcy Rule 2002(a) provides that, unless otherwise ordered by the Court, notice of certain matters must be given to, among others, all of the Debtors' creditors, equity security holders and other parties in interest. The Bankruptcy Rules, however, further provide, that "[t]he Court may from time to time enter orders designating the matters in respect to which, the entity whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." FED. R. BANKR. P. 2002(m); *see also* FED. R. BANKR. P. 9007 ("[w]hen notice is to be given under these rules, the Court shall designate, if not otherwise specified herein, the form and manner in which the notice shall be given.").

15. In addition, section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory fiat or under equitable common law principles. Specifically, Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent the abuse of process.

11 U.S.C. § 105(a). Section 102(1) of the Bankruptcy Code provides, *inter alia*, that when the Bankruptcy Code provides for an action to occur "after notice and a hearing" that such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A).

16. There are over one thousand creditors and potential creditors and many other parties in interest involved in the Debtors' Chapter 11 Cases, each of which may be entitled to certain notices, including notices under Bankruptcy Rules 2002(a)(2) and (3). In addition, the Debtors expect many parties will file notices of appearance and requests for notices and copies of pleadings as these cases proceed (the "2002 List Parties"). The potential costs associated with copying and mailing or otherwise serving all Filings on all creditors and parties in interest, as well as all 2002 List Parties would impose an undue and expensive administrative and economic burden on the Debtors' estates. Similarly, allowing electronic service of documents according to the Notice Procedures will further reduce the administrative and financial burden on the Debtors' estate, as well as on other serving parties, and will, in many cases, allow for more expedient service of documents.

17. Accordingly, pursuant to Sections 102(1) and 105(a) of the Bankruptcy Code and applicable Bankruptcy Rules, the Debtors propose that the Court enter an order consolidating the Chapter 11 Cases for administrative purposes, limiting the notice procedures in these Chapter 11 Cases, and designating certain parties who must receive notice of the Filings and of certain

- 6 -

matters, including, but not limited to, the matters described in Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6006, 6007 and 9019.

## PROPOSED NOTICE PROCEDURES

18. The Debtors propose that all Filings in these cases shall be served upon the following list (the "**Master Service List**") of parties or entities:

(a) the Debtors and their counsel;

(b) the Office of the United States Trustee for the Middle District of Tennessee;

(c) the Centers for Medicare and Medicaid Services;

(d) the State of Tennessee Department of Health Division of Licensure and Regulation Office of Health Care Facilities;

(e) the Mississippi State Department of Health;

(f) those parties listed on the consolidated list of creditors holding the thirty (30) largest unsecured claims against the Debtors, as identified on the chapter 11 petitions;

(g) counsel to any official committee(s) establish in these cases pursuant to Section 1102 of the Bankruptcy Code;

(h) ServisFirst Bank and its counsel;

(i) Midcap Financial Trust and its counsel;

(j) CHS/Community Health Systems, Inc. and its counsel;

(k) all Tennessee local counsel having entered a notice of appearance in these cases;

(l) the Internal Revenue Service;

(m) the Tennessee Attorney General's Office;

(n) the Mississippi Attorney General's Office;

(o) the Tennessee Secretary of State; and

(p) any party that has requested notice pursuant to Bankruptcy Rule 2002.

19. BMC Group, Inc. ("**BMC Group**") will serve as the official notice agent in these Chapter 11 Cases as further described below.

20. In any case for which particular notices are required by Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6006, 6007, or 9019, parties shall serve all such Filings on the Master Service List herein.

21. All other Filings shall be served on the Master Service List and also on each entity with a particularized interest in the subject of the Filing.

22. Service of all Filings shall be sufficient if by first class mail, electronic mail (if available), or facsimile (if available).

23. Notice given in accordance with the foregoing Notice Procedures shall be deemed adequate pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

24. The Debtors believe that adopting the Notice Procedures will substantially reduce administrative burdens and result in substantial cost savings to the Debtor's estates because of the reduction of time and money the Debtors will have to expend on the Filings. The Debtors further believe that adopting the Notice Procedures will also significantly reduce the administrative economic burden placed on creditors and parties in interest when filing the Filings.

25. Pursuant to the terms of the Notice Procedures, all parties in interest that may be directly affected by the relief sought by a particular Filing will receive notice of such Filing directly from the party submitting the Filing to the Court. Thus, no party will be adversely

- 8 -
64901774.1
Case 3:18-bk-05665    Doc 3    Filed 08/24/18    Entered 08/24/18 17:23:51    Desc Main Document    Page 8 of 17

affected. For these reasons, the Debtors believe the Notice Procedures are appropriate and should be approved and implemented in these cases.

26. Pursuant to the Notice Procedures, all parties on the 2002 List and all other parties in interest that may be directly affected by the relief sought in a particular filing will receive notice of such filing directly from the party submitting such documents to the Court well in advance of the applicable hearing.

27. Further, all parties in this case who are registered participants in the Court's CM/ECF system will receive a "Notice of Electronic Filing" via electronic mail whenever a filing is effected, which will provide additional notice to such parties. Although email is nearly universally available, if a party cannot reasonably obtain access to email, then such party may request and receive paper copies from the Debtors or from BMC Group.

28. The establishment of the Notice Procedures will promote the efficient and orderly administration of the Debtors' Chapter 11 cases and will ease the administrative and economic burdens on the Court and the Debtors' estates.

## NOTICE

29. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the Middle District of Tennessee; (b) the Centers for Medicare and Medicaid Services; (c) the State of Tennessee Department of Health Division of Licensure and Regulation Office of Health Care Facilities; (d) the Mississippi State Department of Health; (e) those parties listed on the consolidated list of creditors holding the thirty (30) largest unsecured claims against the Debtors; (f) counsel to any official committee(s) establish in these cases pursuant to Section 1102 of the Bankruptcy Code; (g) ServisFirst Bank and its counsel; (h) Midcap Financial Trust and its counsel; (i) CHS/Community Health Systems, Inc. and its counsel (j) all Tennessee local counsel having entered a notice of appearance in these cases; (k) the Internal Revenue Service; (l) the

- 9 -

Tennessee Attorney General's Office; (m) the Mississippi Attorney General's Office; (n) the Tennessee Secretary of State; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

30. No prior motion for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A: (i) directing the joint administration of these Chapter 11 Cases and consolidating them for procedural purposes only pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 1015(b); (ii) establishing certain notice, case management, and administrative procedures; and (iii) granting such other and further relief as the Court deems appropriate.

*[Remainder of Page Intentionally Left Blank]*

Dated: August 24, 2018
      Nashville, Tennessee

Respectfully submitted,

**POLSINELLI PC**

*/s/ Michael Malone*
Michael Malone
401 Commerce Street, Suite 900
Nashville, TN 37219
Telephone: (615) 259-1510
Facsimile: (615) 259-1573
mmalone@polsinelli.com

-and-

David E. Gordon (*Pro Hac Vice* Pending)
Caryn E. Wang (*Pro Hac Vice* Pending)
1201 West Peachtree Street NW
Atlanta, Georgia
Telephone: (404) 253-6000
Facsimile: (404) 684-6060
dgordon@polsinelli.com
cewang@polsinelli.com

*Proposed Counsel to the Debtors and Debtors in Possession*

- 11 -

**Exhibit A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Curae Health, Inc., | ) | Case No. 18-05665 |
| Amory Regional Medical Center, Inc., | ) | Case No. 18-05675 |
| Batesville Regional Medical Center, Inc., | ) | Case No. 18-05676 |
| Clarksdale Regional Medical Center, Inc. | ) | Case No. 18-05678 |
| Amory Regional Physicians, LLC | ) | Case No. 18-05680 |
| Batesville Regional Physicians, LLC | ) | Case No. 18-05681 |
| Clarksdale Regional Physicians, LLC | ) | Case No. 18-05682 |
| | ) | |
| 1721 Midpark Road, Suite B200 | ) | Judge Walker |
| Knoxville, TN 37921 | ) | |
| Debtors. | ) | Joint Administration Pending |

## EXPEDITED ORDER (I) DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES, (II) APPROVING CASE MANAGEMENT PROCEDURES, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[1] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (this "**Order**") directing the joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only and establishing certain notice, case management, and administrative procedures; and upon the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

is necessary; and this Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The above-captioned Chapter 11 Cases shall be jointly administered by the Court and consolidated for procedural purposes only under the case of Curae Health, Inc., Case No. 18-05665.

3. If, when filed, these Chapter 11 Cases were assigned to separate judges, all of the Chapter 11 Cases shall be transferred to the judge presiding over the Chapter 11 Case of Curae Health, Inc., Case No. 18-05665.

4. The caption of the jointly administered Chapter 11 Cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Curae Health, Inc., *et al.*[1] | ) | Case No. 18-05665 |
| | ) | |
| 1721 Midpark Road, Suite B200 | ) | Judge Walker |
| Knoxville, TN 37921 | ) | |
| Debtors. | ) | Jointly Administered |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Curae Health, Inc. (5638); Amory Regional Medical Center, Inc. (2640); Batesville Regional Medical

Center, Inc. (7929); and Clarksdale Regional Medical Center, Inc. (4755); Amory Regional Physicians, LLC (5044); Batesville Regional Physicians, LLC (4952); Clarksdale Regional Physicians, LLC (5311).

5. The Clerk of this Court shall make a docket entry in each Chapter 11 Case (except that of Curae Health, Inc.) substantially as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Curae Health, Inc. and its affiliates that have concurrently commenced chapter 11 cases. The docket in the chapter 11 case of Curae Health Inc., Case No. 18-05665, should be consulted for all matters affecting this case."

6. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. Notice of the Motion as provided therein shall be deemed good and sufficient, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. Notwithstanding the applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. Notwithstanding the relief granted in this Order, any creditor filing a proof of claim against any Debtor shall file such proof of claim in the Chapter 11 Case of each Debtor to which such claim relates.

10. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases.

11. The Filings shall be subject to the Notice Procedures described herein, which are hereby implemented and approved pursuant to Sections 102(1) and 105 of the Bankruptcy Code and Bankruptcy Rules 2002(m) and 9007.

12. All Filings shall be filed with the Court in accordance with regular Court procedures.

13. BMC Group, Inc. ("**BMC Group**") shall act as the official noticing agent in this case, as more fully described below.

14. BMC Group shall monitor the docket in this case and coordinate with Debtors' counsel to ensure that BMC Group has copies of all Filings in the Debtors' case.

15. All Filings in this case shall be served upon the Master Service List, as defined in the Motion and all entities with a particularized interest in the Filing. Parties may be added or deleted from the Master Service List upon written request for good and sufficient cause, in accordance with the procedures set forth in this Order.

16. All of the foregoing matters or proceedings set forth in this paragraph of this Order shall be noticed in accordance with the applicable provisions of Bankruptcy Rule 2002; provided, however, that nothing in this Order shall prejudice: (i) the rights of any party in interest to move the Court to further limit or expand notice of such matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a motion seeking emergency *ex parte* consideration or consideration upon shortened time; or (ii) the rights of any party to seek an enlargement or reduction of a time period under Bankruptcy Rule 9006(b) or (c).

17. Service of all Filings shall be sufficient if by first class mail, electronic mail (if available), or facsimile (if available).

18. Any entity submitting a Filing shall serve a notice of such Filing on all 2002 List Parties, as defined in the Motion.

19. Notice given in accordance with the Notice Procedures shall be deemed adequate pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of the United States District Court for the District of Tennessee and for the United States Bankruptcy Court for the Middle District of Tennessee.

20. A copy of this Order shall be served by the Debtors or BMC Group on the Master Service List.

21. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

**This Order Was Signed And Entered Electronically As Indicated At The Top Of The First Page**

APPROVED FOR ENTRY:

**POLSINELLI PC**

*/s/ Michael Malone*
Michael Malone
401 Commerce Street, Suite 900
Nashville, TN 37219
Telephone: (615) 259-1510
Facsimile: (615) 259-1573
mmalone@polsinelli.com

-and-

David E. Gordon (*Pro Hac Vice* Pending)
Caryn E. Wang (*Pro Hac Vice* Pending)
1201 West Peachtree Street NW
Atlanta, Georgia
Telephone: (404) 253-6000
Facsimile: (404) 684-6060
dgordon@polsinelli.com
cewang@polsinelli.com

*Proposed Counsel to the Debtors and Debtors in Possession*