**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Curae Health, Inc., *et al.*[1] | ) | Case No. 18-05665 |
| | ) | |
| 1721 Midpark Road, Suite B200 | ) | Judge Walker |
| Knoxville, TN 37921 | ) | |
| Debtors. | ) | Jointly Administered |

_____

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: September 25, 2018
THE HEARING WILL BE: October 2, 2018 at 11:00 AM Central Standard Time in
Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203.**

_____

## NOTICE OF MOTION AND HEARING

**PLEASE TAKE NOTICE** that on September 7, 2018, the above-captioned debtors and debtors in possession (the "**Debtors**") filed the **APPLICATION OF DEBTORS FOR AUTHORITY TO EMPLOY AND RETAIN EGERTON, MCAFEE, ARMISTEAD & DAVIS, P.C. AS SPECIAL TRANSACTIONAL COUNSEL TO THE DEBTORS NUNC PRO TUNC TO THE PETITION DATE** (the "**Motion**"), attached hereto, in the Bankruptcy Court for the Middle District of Tennessee.

**PLEASE TAKE FURTHER NOTICE** that the Motion had been previously filed on August 24, 2018 at Docket No. 15, and notice was provided that a hearing on the Motion would be held on September 25, 2018.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Curae Health, Inc. (5638); Amory Regional Medical Center, Inc. (2640); Batesville Regional Medical Center, Inc. (7929); and Clarksdale Regional Medical Center, Inc. (4755); Amory Regional Physicians, LLC (5044); Batesville Regional Physicians, LLC (4952); Clarksdale Regional Physicians, LLC (5311).

65099662.2

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion will now be held

on **October 2, 2018 at 11:00 AM Central Standard Time** in Courtroom 2, 2nd Floor Customs

House, 701 Broadway, Nashville, TN 37203.

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant the

Motion by entering the proposed final order, attached hereto, or if you want the court to consider

your views on the Motion, then on or before **September 25, 2018**, you or your attorney must:

1.      File with the court your response or objection explaining your position. Please note: the Bankruptcy Court for the Middle District of Tennessee requires electronic filing. Any response or objection you wish to file must be submitted electronically. To file electronically, you or your attorney must go to the court website and follow the instructions at: <https://ecf.tnmb.uscourts.gov>.

If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-

5584. You may also visit the Bankruptcy Court in person at: 701 Broadway, 1st Floor, Nashville,

TN (Monday - Friday, 8:00 A.M. - 4:00 P.M.).

2.      Your response must state the deadline for filing responses, the date of the scheduled hearing and the motion to which you are responding.

**THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.** You may

check whether a timely response has been filed by viewing the case on the court's website at

<https://ecf.tnmb.uscourts.gov>. If you or your attorney does not take these steps, the court may

decide that you do not oppose the relief sought in the Motion and may enter the attached final

order granting that relief.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

Dated: September 7, 2018          **POLSINELLI PC**
        Nashville, Tennessee

                                 */s/ Michael Malone*
                                 Michael Malone
                                 401 Commerce Street, Suite 900
                                 Nashville, TN 37219
                                 Telephone: (615) 259-1510
                                 Facsimile: (615) 259-1573
                                 mmalone@polsinelli.com

                                 -and-

                                 David E. Gordon (*Admitted Pro Hac Vice*)
                                 Caryn E. Wang (*Admitted Pro Hac Vice*)
                                 1201 West Peachtree Street NW
                                 Atlanta, Georgia
                                 Telephone: (404) 253-6000
                                 Facsimile: (404) 684-6060
                                 dgordon@polsinelli.com
                                 cewang@polsinelli.com

                                 *Proposed Counsel to the Debtors and*
                                 *Debtors in Possession*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 18-05665 |
| Curae Health, Inc., *et al.*[1] | ) | |
| | ) | |
| 1721 Midpark Road, Suite B200 | ) | Judge Walker |
| Knoxville, TN 37921 | ) | |
| Debtors. | ) | Jointly Administered |

**APPLICATION OF DEBTORS FOR AUTHORITY TO EMPLOY AND RETAIN EGERTON, MCAFEE, ARMISTEAD & DAVIS, P.C. AS SPECIAL TRANSACTIONAL COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby file this application (the "**Application**"), pursuant to sections 327(e), 328(a), 329, and 330 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016(b) of Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") for entry of an order, substantially in the form of Exhibit A attached hereto (the "**Proposed Order**"), authorizing the employment and retention of Egerton, McAfee, Armistead & Davis, P.C. ("**Egerton**") as special transactional counsel and healthcare regulatory counsel to the Debtors. In support of this Application, the Debtors rely upon and incorporate by reference the *Declaration of Stephen A. McSween in Support of Application of Debtors to Authorize the Retention and Employment of Egerton, McAfee, Armistead & Davis, P.C. as Special Transactional Counsel to the Debtors Nunc Pro Tunc to the Petition Date* (the "**McSween Declaration**"), attached hereto as Exhibit B, and respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Curae Health, Inc. (5638); Amory Regional Medical Center, Inc. (2640); Batesville Regional Medical Center, Inc. (7929); and Clarksdale Regional Medical Center, Inc. (4755); Amory Regional Physicians, LLC (5044); Batesville Regional Physicians, LLC (4952); Clarksdale Regional Physicians, LLC (5311).

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 327, 328, 330, and 331; Bankruptcy Rules 2014 and 2016; and Local Rule 2014-

**BACKGROUND**

3.      On August 24, 2018 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court commencing a case for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Stephen N. Clapp, Chief Executive Officer of Curae Health, Inc., in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**") and is fully incorporated herein by reference.

4.      The Debtors continue to manage and operate their business as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases and no committees have yet been appointed.

**RELIEF REQUESTED**

5.      By this Application, the Debtors seek to employ and retain Egerton *nunc pro tunc* to the Petition Date to represent the Debtors as their special transactional counsel in connection with the Chapter 11 Cases. Accordingly, the Debtors respectfully request entry of an order pursuant to Bankruptcy Code section 327(e), substantially in the form attached hereto as Exhibit A, authorizing the Debtors to employ and retain Egerton as special transactional counsel for the

purpose of providing Debtors with health care regulatory and transactional services in connection with Debtors Chapter 11 Cases.

## **BASIS FOR RELIEF**

6.     The Debtors seek to retain Egerton as their special transactional counsel because of Egerton's prepetition transactional and health care regulatory work with Debtors as well as Egerton's extensive experience and knowledge in the fields of health care regulations and transactions. The Debtors believe that Egerton is both well-qualified and uniquely able to represent them in the Chapter 11 Cases in a most efficient and timely manner given its prior experience as regulatory and transactional counsel to Debtors.

7.     Egerton has provided many of the Services (as defined below) to the Debtors prepetition and in connection with their restructuring and sale efforts. In providing such prepetition professional services to the Debtors, Egerton became familiar with the Debtors and their business, including the Debtors' financial affairs, debt structure, operations, and related matters. Having worked with the Debtors' management and their advisors, Egerton has developed relevant experience and experience regarding the Debtors that will assist it in providing effective and efficient services. Egerton is especially familiar with the facts and legal issues required to provide health care regulatory and transactional advice throughout the Chapter 11 Cases. The Debtors believe that Egerton is most qualified to represent Debtors with respect to health care regulatory and transactional work going forward.

8.     It is the carefully considered view of the Debtors that, considering the circumstances of the Chapter 11 Cases as detailed in the First Day Declaration and the various interests involved, including that the Chapter 11 Cases are pending in the Middle District of Tennessee, that representation of the Debtors by Egerton is necessary, advisable, and in the best interests of the Debtors and their estates.

9.      Egerton's services are necessary to enable the Debtors to faithfully execute their duties as debtors and debtors in possession. Subject to Court approval, the professional services that Egerton will be required to render, shall include (but shall not be limited to):

a.  Federal and state-specific healthcare regulatory and compliance issues
b.  Healthcare contracting between hospitals and individual physicians and physician practice groups
c.  Healthcare operations and billing and reimbursement compliance
d.  Medical staff guidance, including peer review, credentialing, investigations, and reporting
e.  Healthcare transactional matters, including mergers, acquisitions, and member substitutions
f.  Healthcare operations and transaction financing
g.  Employer and employee relations
h.  Physician immigration matters
i.  Non-profit taxation and compliance matters

10.     It is necessary that the Debtors employ attorneys to render the foregoing Services. Egerton has stated its desire and willingness to act in the Chapter 11 Cases and render the necessary Services as attorneys for the Debtors.

11.     Prior to the Petition Date, and as set forth in more detail above, the Debtors retained Egerton to provide healthcare regulatory and transactional advice, as set forth in Section 9 above. The Debtors believe Egerton has the necessary background and experience to represent the Debtors effectively and efficiently in the Chapter 11 Cases.  Through its previous representation, Egerton is already familiar with the Debtors' affairs and many of the potential issues which may arise in the Chapter 11 Cases.

12.     By separate applications, the Debtors seek the approval of Polsinelli PC as Debtors' counsel; BMC Group, Inc. as their administrative agent; and Glass Ratner as their financial advisor. All such firms shall work under the direction of the Debtors' management and all firms engaged shall commit to minimizing duplication of services to reduce administrative costs to the estates.

13.     Representation for the purposes delineated above is in accordance with 11 U.S.C. § 327(e) of the Bankruptcy Code. Section 327(e) of the Bankruptcy Code provides for the appointment of special counsel where it is in the best interest of the estates, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

14.     To the best of the Debtors knowledge, and except as disclosed herein and in the McSween Declaration, Egerton does not represent or hold any interest to the Debtors or their estates on the matters on which they will be employed.

15.     Pursuant to Bankruptcy Code section 327(c), Egerton is not disqualified from acting as Debtors' special counsel merely because it previously represented or currently represents the Debtors' creditors or other parties in interest in matters unrelated to the Debtors or the Chapter 11 Cases. To the extent that Egerton is determined to have a conflict with respect to a particular client or matter as it related to the Chapter 11 Cases, the Debtors will utilize separate conflicts counsel as necessary. In addition, to the extent necessary and appropriate, Egerton will implement an ethical wall, screening attorneys working on any such matters from interacting with attorneys working on the Chapter 11 Cases.

16.     The Debtors understand that Egerton intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.

17.     Pursuant to Bankruptcy Code section 329 and Bankruptcy Rule 2016, Egerton discloses that $790,205.00 in aggregate fees and expenses have been paid in the 12 months preceding the Petition Date.

18.     The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, propose to pay Egerton its customary hourly rates for services rendered. Egerton has advised the Debtors that Egerton's hourly rates for professionals that will be primarily responsible for this matter range from $375 – $525 per hour for partners, from $250 – $325 per hour for associates, and from $125 – $150 per hour for paraprofessionals. All rates are commensurate with the standard hourly rates charged by Egerton to other similarly situated clients and on similar matters. These hourly rates are subject to periodic adjustment to reflect economic and other conditions.

19.     The Debtors also submit that such rates are reasonable and should be approved by this Court at this time, subject to a determination of the amounts to be paid to Egerton upon applications for allowance. Moreover, the Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, propose to reimburse Egerton for its actual and necessary expenses.

## Legal Authority

20.     Section 327(e) of the Bankruptcy Code provides that a debtor subject to court approval:

> [M]ay employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C § 327(e).

21.     Moreover, section 1107(b) of the Bankruptcy Code provides that a person is not disqualified for employment under section 327 of the Bankruptcy Code by a debtor-in-

possession solely because of such person's employment by or representation of the debtor before the commencement of the case. 11 U.S.C. § 1107(b).

22.    Retention of an attorney under section 327(e) does not require the same searching inquiry required for a debtor to retain general bankruptcy counsel under section 327(a). *See Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R. 845, 847 (D. Del. 1996) ("[S]pecial counsel employed under [section] 327(e) need only avoid possessing a conflict of interest concerning the matter at hand."). *Bank of Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 622 (2d Cir.1999) (" '[W]here the trustee seeks to appoint counsel only as "special counsel" for a specific matter, there need only be no conflict between the trustee and counsel's creditor client with respect to the specific matter itself."). Thus, potential conflicts are only evaluated in with respect to the scope of Egerton's proposed retention, not the greater disclosure of conflicts required under 11 U.S.C. §327(a). *Id.*

23.    Nevertheless, the phrase "does not represent or hold any interest adverse to the debtor or to the estate" requires a factual determination of "all relevant facts surrounding the debtors' case, including, but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, [and] the expense of replacement counsel . . ." *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (D. Del. 2005). In general, however, subject to the requirements of sections 327 and 1107, a debtor-in-possession is entitled to the counsel of their choosing. *In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

24.    Egerton is owed for pre-petition services provided to the Debtors in the amount of $358,209.52, but will not apply any amounts received post-petition to any pre-petition amounts due and owing without further order of the Court. Such pre-petition claim does not disqualify

Egerton from acting as special counsel to the Debtors in these Cases. *See In re Henlar, Ltd.,* 1997 WL 4567 at 1, 3–4 (E.D.La. Jan. 6, 1997*) (holding that special counsel became a creditor of the estate once he signed a contract to represent Henlar Ltd., and that status was not sufficient to disqualify special counsel because there was no conflict of interest in the special matter for which the special counsel was employed); *Buckley v. TransAmerica Inv. Corp. (In re Southern Kitchens),* 216 B.R. 819, 826 n. 11 (Bankr. D. Minn. 1998) ("[T]he large unsatisfied claim that F & W holds, for attorney fees incurred during the Debtor's Chapter 11 case, prevents from it being a 'disinterested person.' This is of no real moment, as the Plaintiff did not hire F & W to handle legal matters generally for the estate [but only hired F & W as special counsel under § 327(e)]."); *DeVlieg–Bullard, Inc. v. Natale (In re DeVlieg, Inc.*), 174 B.R. 497, 503 (N.D.Ill.1994) ("[S]ection 327(e) does not require that counsel be a 'disinterested person,' as section 327(a) does, permitting counsel to have claims for prior fees."), appeal dismissed, 56 F.3d 32 (7th Cir.1995).

25.     Retaining Egerton is in the best interest of the Debtors and the estates due to Egerton's prior knowledge and representation of the Debtors in their health care regulatory and corporate matters, in which it would be costly and time consuming to bring in alternate counsel. Retaining Egerton is also in the best interest of the estates because of Egerton's prior experience and knowledge of the Debtors operations, management and issues, which would be costly and time consuming to replicate. It is far more efficient and will decrease necessary administrative costs to continue retaining Egerton for health care regulatory and transactional matters.

26.     As further set forth in the attached McSween Declaration, Egerton, to the best of its knowledge, information and belief does not represented and does not hold, any interest

adverse to the Debtor or their estates (a) in the matters for which Egerton is to be retained or (b) in matters related to the services to be performed by Egerton for the Debtors.

## NOTICE

27.     Pursuant to Local Rules 2014-1 and 9013-1, notice of this Application will be given to: (a) the Office of the United States Trustee for the Middle District of Tennessee; (b) the Centers for Medicare and Medicaid Services; (c) the State of Tennessee Department of Health Division of Licensure and Regulation Office of Health Care Facilities; (d) the Mississippi State Department of Health; (e) those parties listed on the consolidated list of creditors holding the thirty (30) largest unsecured claims against the Debtors; (f) counsel to any official committee(s) establish in these cases pursuant to Section 1102 of the Bankruptcy Code; (g) ServisFirst Bank and its counsel; (h) Midcap Financial Trust and its counsel; (i) CHS/Community Health Systems, Inc. and its counsel (j) all Tennessee local counsel having entered a notice of appearance in these cases; (k) the Internal Revenue Service; (l) the Tennessee Attorney General's Office; (m) the Mississippi Attorney General's Office; (n) the Tennessee Secretary of State; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002.

28.     The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

29.     No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the proposed order substantially in the form attached hereto as <u>Exhibit A</u> granting the relief requested in the Application and such other and further relief as may be just and proper.

Dated this 24th day of August, 2018.

**Curae Health, Inc.**
**Amory Regional Medical Center, Inc.,**
**Batesville Regional Medical Center, Inc.,**
**Clarksdale Regional Medical Center, Inc.**
**Amory Regional Physicians, LLC**
**Batesville Regional Physicians, LLC**
**Clarksdale Regional Physicians, LLC**

Debtors and Debtors in Possession

_____
Stephen N. Clapp
President and Chief Executive Officer of Curae
Health, Inc.

# **EXHIBIT A**

Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Curae Health, Inc., *et al.*[1] | ) | Case No. 18-05665 |
| | ) | |
| 1721 Midpark Road, Suite B200 | ) | Judge Walker |
| Knoxville, TN 37921 | ) | |
| Debtors. | ) | Jointly Administered |

### ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF EGERTON, MCAFEE, ARMISTEAD & DAVIS, P.C. AS SPECIAL TRANSACTIONAL COUNSEL TO THE DEBTORS NUNC PRO TUNC TO THE PETITION DATE

Upon the Application (the "**Application**")[2] of the Debtors for entry of an order authorizing the retention and employment of Egerton, McAfee, Armistead & Davis, P.C. ("**Egerton**") as special transactional counsel to the Debtors *nunc pro tunc* to the Petition Date (the "**Petition Date**"), as more fully described in the Application; and upon the declaration of Stephen A. McSween, a partner of Egerton, attached to the Application as <u>Exhibit B</u> (the "**McSween Declaration**"); and the Court being satisfied, based on the representations made in the Application and the McSween Declaration that Egerton is "disinterested" as such term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and as required under Bankruptcy Code section 327(e), and that Egerton represents no interest adverse to the Debtors' estates; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the Court having

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Curae Health, Inc. (5638); Amory Regional Medical Center, Inc. (2640); Batesville Regional Medical Center, Inc. (7929); and Clarksdale Regional Medical Center, Inc. (4755); Amory Regional Physicians, LLC (5044); Batesville Regional Physicians, LLC (4952); Clarksdale Regional Physicians, LLC (5311).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors consent to entry of a final order under Article III of the United States Constitution; and venue of the Chapter 11 Cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and upon the record herein; after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Application is GRANTED, as set forth herein.

2.      Pursuant to Bankruptcy Code section 327(e), Bankruptcy Rule 2016, the Debtors are authorized to retain and employ Egerton as special transactional counsel in the Chapter 11 Cases in accordance with Egerton's hourly rates and disbursement policies *nunc pro tunc* to the Petition Date.

3.      Egerton is authorized to render the professional Services described in the Application and the McSween Declaration.

4.      Egerton shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 328, 330, and 331, and applicable Bankruptcy Rules, and Local Rules, and such other procedures as may be fixed by order of the Court.

5.      Notwithstanding anything to the contrary in the Application, Egerton will not seek reimbursement of expenses for office supplies, any secretarial charges, or other overtime charges.

6.      Egerton shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Egerton to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflicts checks and disclosures in accordance

with the requirements of the Bankruptcy Code and Bankruptcy Rules. For the avoidance of doubt, Egerton shall neither share fees with existing or future contract attorneys who advise the Debtors nor enter into fee sharing arrangements with such contract attorneys.

7.     Prior to any increases in Egerton's rates for any individual employed by Egerton and providing services in the Chapter 11 Cases, Egerton shall file a supplemental declaration with the Court and provide ten business days' notice to the Debtors, the United States Trustee, and any statutorily appointed committee. The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Debtors have consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

8.     Egerton shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in the Chapter 11 Cases.

9.     Notwithstanding anything to the contrary in the Application, the Declaration of Stephen McSween, the terms of any engagement letter, or this Order, Egerton shall not seek reimbursement of any fees or costs of its counsel arising from the prosecution or defense of any of Egerton's fee applications in these Chapter 11 Cases, except as and to the extent otherwise permitted under applicable law and the decisions of this Court.

10.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

**This Order Was Signed And Entered Electronically As Indicated At The Top Of The First Page**

APPROVED FOR ENTRY:

**Egerton, McAfee, Armistead & Davis, P.C.**

*/s/ Stephen A. McSween*_____
Stephen A. McSween
900 S. Gay Street, Suite 1400
Knoxville, TN 37902
Telephone: (865) 546-0500
Facsimile: (865) 525-5293
smcsween@emlaw.com

*Proposed Special Transactional Counsel*
*to the Debtors and Debtors in Possession*

1466175v2

# EXHIBIT B

McSween Declaration

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Curae Health, Inc., *et al.*[1] | ) | Case No. 18-05665 |
| | ) | |
| 1721 Midpark Road, Suite B200 | ) | Judge Walker |
| Knoxville, TN 37921 | ) | |
| Debtors. | ) | Jointly Administered |

### DECLARATION OF STEPHEN A. MCSWEEN, ESQ. IN SUPPORT OF THE APPLICATION OF DEBTORS TO AUTHORIZE THE RETENTION AND EMPLOYMENT OF EGERTON, MCAFEE, ARMISTEAD & DAVIS, P.C. AS SPECIAL TRANSACTIONAL COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Stephen A. McSween, Esq., a partner of Egerton, McAfee, Armistead & Davis, P.C., makes this Declaration pursuant to 28 U.S.C. § 1746 and states:

1.     I am a Partner of Egerton, McAfee, Armistead & Davis, P.C. ("**Egerton**"), which maintains its office for the practice of law at 900 S. Gay Street, Suite 1400 Knoxville, TN 37902. I am an attorney-at-law, duly admitted and in good standing to practice in the State of Tennessee. I have submitted a notice of appearance in these Chapter 11 Cases.

2.     Egerton is a local Tennessee firm that is a recognized leader in the areas of health care, financial services, corporate, and business. Founded in 1932, Egerton is one of the oldest and largest firms in Knoxville, Tennessee.  A significant portion of the firm's practice is focused on representing hospitals and physicians on healthcare regulatory matters, contracting and transactions.   In the last ten years alone, Egerton has represented clients in 18 hospital transactions spread across Tennessee, Georgia, Alabama and Mississippi.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Curae Health, Inc. (5638); Amory Regional Medical Center, Inc. (2640); Batesville Regional Medical Center, Inc. (7929); and Clarksdale Regional Medical Center, Inc. (4755); Amory Regional Physicians, LLC (5044); Batesville Regional Physicians, LLC (4952); Clarksdale Regional Physicians, LLC (5311).

3.     I submit this Declaration (the "**Declaration**") in connection with the Debtors' application (the "**Application**")[1] for authority to employ and retain Egerton as special transactional counsel to the Debtors *nunc pro tunc* to the Petition Date, and to provide the disclosures required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.     Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth below. To the extent that any information disclosed in this Declaration requires amendment or modification upon Egerton's completion of further analysis or as additional creditor information becomes available to Egerton, a supplemental declaration will be submitted to this Court.

5.     Insofar as I have been able to ascertain, neither I, nor Egerton, nor any partner, counsel, of counsel, or associate of Egerton, represents any other party-in-interest in the Chapter 11 Cases, or its attorneys or accountants, except as set forth herein. Further, Egerton has no connection (as such term is used in Bankruptcy Code section 101(14) and Bankruptcy Rule 2014(a)) with the Debtors, their creditors, any other party-in-interest herein, the Debtors' current respective attorneys or professionals, the United States Trustee, or any person employed in the Office of the United States Trustee, or any bankruptcy judge currently serving on the United States Bankruptcy Court for the Middle District of Tennessee, nor does Egerton hold any adverse interest or represent any entity having an adverse interest in connection with the Chapter 11 Cases, except as disclosed below. The list of parties searched is attached as <u>Exhibit 1</u>.

6.     Egerton maintains and updates its conflict check system in the ordinary course of its business. The system includes every matter on which the firm is currently or was previously engaged, including details related to the identity of the client, adverse parties, dates of

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

representation, and the attorney(s) at Egerton with responsibility for the engagement. This database is updated for every new matter opened by Egerton. Before the firm takes on a new engagement, the list of interested parties is run through the conflicts system, and any hits are reviewed by the firm's COO/CFO as well as the attorneys responsible for the engagement.

7.      Egerton represents some entities and service providers that may be creditors in the Debtors' Chapter 11 Cases. However, Egerton is not representing any of those entities or service providers in the Chapter 11 Cases and will not represent any entities or parties it currently represents with regard to any claims that they may have collectively or individually against the Debtors.

8.      To the extent set forth on the Disclosures attached to this Declaration, I, Egerton, and certain of its partners, counsel, of counsel, and associates may currently represent, or may have previously represented, and may in the future represent, persons, entities, and their affiliates that are claimants, interest holders, other parties-in-interest, or professionals of the Debtors (and other professionals to be retained in the Chapter 11 Cases) in matters totally unrelated to the Debtors or the Chapter 11 Cases. Attached as Exhibit 2 is a list of parties that Egerton has represented in the past, currently represents, or may in the future continue to represent in matters wholly unrelated to the Chapter 11 Cases. In the event litigation between any of the parties listed on Exhibit 2 and the Debtors is necessary, separate conflicts counsel will be engaged to handle the matter for the Debtors. To the best of my knowledge and information, no entity listed on Exhibit 2 accounted for 1% or more of Egerton's annual revenue for fiscal year 2017.

9.      Except as set forth in this Declaration, neither I, nor Egerton, nor any partner, counsel, of counsel or associate thereof, insofar as I have been able to ascertain, holds or represents any entity having an adverse interest to the Debtors or their estates.

1466175v2

10. Egerton is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14) in that Egerton, its partners, counsel, and associates:

    a. are not creditors, equity security holders, or insiders;

    b. are not and were not, within two (2) years before the date of the filing of the petition, directors, officers, or employees of the Debtors; and

    c. do not have interests materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

11. Pursuant to Bankruptcy Code section 327(c), Egerton is not disqualified from acting as Debtors' special counsel merely because it previously represented or currently represents the Debtors' creditors or other parties in interest in matters unrelated to the Debtors or the Chapter 11 Cases. To the extent that Egerton is determined to have a conflict with respect to a particular client or matter, the Debtors will utilize separate conflicts counsel as necessary. In addition, to the extent necessary and appropriate, Egerton will implement an ethical wall, screening attorneys working on any such matters from interacting with attorneys working on the Chapter 11 Cases.

12. As part of its customary practice, Egerton is retained in cases, proceedings, and transactions involving many different parties throughout the United States, some of whom may represent or be employed by the Debtors, claimants, and/or parties in interest in the Chapter 11 Cases. It is my understanding that the entities listed below had and/or continue to have a relationship with the Debtors. Egerton does not, however, provide services to these entities in connection with the Chapter 11 Cases, the Debtors, or their estates.

13. By reason of the foregoing, I believe that Egerton is eligible for employment and retention by the Debtors pursuant to Bankruptcy Code section 327 and the applicable Bankruptcy Rules.

14. The professional services that Egerton has rendered and will render to the Debtors include, but shall not be limited to, the following:

   a. Federal and state-specific healthcare regulatory and compliance issues

   b. Healthcare contracting between hospitals and individual physicians and physician practice groups

   c. Healthcare operations and billing and reimbursement compliance

   d. Medical staff guidance, including peer review, credentialing, investigations, and reporting

   e. Healthcare transactional matters, including mergers, acquisitions, divestitures and member substitutions of hospitals and other healthcare related assets

   f. Healthcare operations and transaction financing

   g. Employer and employee relations

   h. Physician immigration matters

   i. Non-profit taxation and compliance matters

15. Pursuant to Bankruptcy Code section 329 and Bankruptcy Rule 2016, Egerton discloses that $790,205.34 in aggregate fees and expenses have been paid in the 12 months preceding the Petition Date.

16. All of Egerton's fees and expenses prior to the Petition Date were either paid in full or are hereby waived and Egerton has no claim to make against the Debtors in this proceeding and is not a creditor of the Debtor in this proceeding.

17. The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, propose to pay Egerton its customary hourly rates for services rendered. Egerton has advised the Debtors that Egerton's hourly rates for professionals that will be primarily responsible for this matter range from $375–$525 per hour for partners, from $250 – $325 per hour for associates, and from $125 –$150 per hour for paraprofessionals. All rates are commensurate with the standard hourly rates charged by Egerton to other similarly situated

1466175v2

clients and on similar matters. These hourly rates are subject to periodic adjustment to reflect economic and other conditions.

18.     The hourly rates set forth above are Egerton's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Egerton for the work of its attorneys and paralegals, and to cover fixed and routine overhead expenses. It is Egerton's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, printing and scanning charges, toll charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as overtime for secretarial personnel and other staff. Egerton will charge for these expenses in a manner and at rates consistent with charges made generally to the firm's other clients and within the Local Rules.

19.     The Debtors have agreed to pay the above listed compensation to Egerton for legal services rendered in connection with the Chapter 11 Cases by its various attorneys and paralegals. The Debtors also have agreed to reimburse Egerton for its actual and necessary expenses incurred in connection with the Chapter 11 Cases.

20.     No promises have been received by Egerton or by any partner, counsel, of counsel, or associate thereof as to payment or compensation in connection with the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Egerton has no agreement with any other entity to share with such entity any compensation received by Egerton in connection with the Chapter 11 Cases, other than with the partners, counsel, and associates of Egerton.

1466175v2

21.     Although Egerton has taken reasonable steps to ascertain whether past and current clients are creditors of the Debtors, affiliated with the Debtors, or are otherwise parties-in-interest, Egerton's analysis is ongoing. Accordingly, Egerton shall supplement this Declaration as appropriate and necessary.

22.     The foregoing constitutes the statement of Egerton pursuant to Bankruptcy Code section 327 and Bankruptcy Rules 2014(a) and 2016(b).

I certify under penalty of perjury under the laws of the United States that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: August 24, 2018                    */s/ Stephen A. McSween*
      Nashville, Tennessee                    Stephen A. McSween

<u>**EXHIBIT 1**</u>

Parties in Interest

3M Health Information Systems
Aesynt, Inc.
Alliance Healthcare Serv Inc
American National Red Cross
Amory Water and Electric
Anesthesia Assoc of MS PLLC
ASD Specialty Healthcare Inc
Baker Donelson
Batesville Family Medical PLLC
Beckman Coulter Inc
Brentwood Behavioral Healthcare
Brightree LLC
Cardinal Health 110, Inc
Cardinal Health Incorporated
Cardinal Health Pharmacy #32
Caremed
CDW Computer Centers Inc
CDW Government, Inc.
Change Healthcare Solutions, LLC
CHS dba/Shared Services Center-Ft. Smith
CHSPSC, LLC
City of Batesville
Community Health Systems, Inc
Comos Facility Support, Inc.
Comphealth Associates, Inc.
Comprehensive Hospitalists of MS LLC
Crown Healthcare Laundry Service, LLC
Delta Dental of TN
Diversified Clinical Service
DSI Security Services
Eclinical Works LLC
Epstein Becker Green, P.C.
Eye Med (Fidelity Security Life Insurance Co.)
GE Healthcare II ITS USA Corp
Gifted Nurses LLC
Halyard Health Inc
Harrison, Scott MD
Healogics, Inc
Healthcare Financial Management Assoc.
Healthtrust Workforce Solutions LLC
HHS Culinary and Nutrition S
HHS LLC
Hologic Limited Partnership

Hologic, Inc
Horne LLP
Hospital Care Consultants
Hospital Housekeeping Systems, Ltd.
In10sity Interactive, LLC
Intuitive Surgical Inc
Johnson and Johnson Healthcare
Kronos
Lifepoint Health, Inc.
Mag Mutual Insurance Company
Medhost
Medhost Direct, Inc
Medhost of TN, Inc
Meditract
Medline Industries Inc
Medtronic USA Inc
Methodist Healthcare Corp
Mid South Rehab Services, Inc.
MidCap Finance
Midpark Knoxville, LLC
Mississippi Emergency Physician Services, LLC
Monroe County Tax Collector
Morrison Healthcare
Morrison Management Specialists, Inc.
MS Emergency Phys Srv LLC
Mutual of Omaha
No MS Med Ctr Pathology Dept
Northwest Medical Center
Olympus Surgical Technologie
Otis Elevator Co
Owens and Minor
Panola County Tax Assessor
Patientsafe Solutions, Inc
PGN Technologies, LLC
Philips Healthcare
Ricoh
Ring Central
ServisFirst Bank
Siemens Healthcare Diagnostics
Staples Advantage
Stat Imaging Solutions LLC
Stat Informatic Solutions, LLC
Strategic Healthcare Resources
Stryker Endoscopy
Stryker Orthopaedics
Sun Life Financial

1466175v2

Synthes (USA) Inc
Sysco Memphis, LLC
Sysco of Memphis
Tallahatchie Valley EPA
Weatherby Locums Inc
Willow Anesthesia Services
Yourcare Universe, Inc

1466175v2

## <u>EXHIBIT 2</u>

Disclosures

In the past, currently, and in the future, Egerton has represented, represents, and will continue to represent the following entities or affiliated entities in certain matters wholly unrelated to the Debtors and the Chapter 11 Cases:

Strategic Healthcare Resources, LLC