IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | **Chapter 11** |
| **CURAE HEALTH, INC. et al.**[1], ) | **Case No. 3:18-bk-05665** |
| ) | **Judge Walker** |
| Debtors. ) | |
| ) | **Jointly Administered** |
| ) | |
| **CHG-MERIDIAN USA CORP.,** ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | |
| **CURAE HEALTH, INC. and** ) | |
| **CLARKSDALE REGIONAL** ) | |
| **MEDICAL CENTER, INC.,** ) | |
| ) | |
| Respondents. ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY
AND/OR FOR ADEQUATE PROTECTION**

CHG-MERIDIAN USA Corp. (hereinafter "Movant") respectfully requests that the Court grant it relief from the automatic stay provisions of 11 U.S.C. § 362 regarding certain personal property leased by Debtor Clarksdale Regional Medical Center, Inc.[2] (the "Clarksdale Debtor"), and, alternatively, requests that the Court order interim adequate protection payments to Movant pursuant to 11 U.S.C. §§ 363 and 361 and/or compel assumption or rejection pursuant to 11 U.S.C. § 365. In support of this Motion, the Movant states as follows:

---

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Curae Health, Inc. (5638); Amory Regional Medical Center, Inc. (2640); Batesville Regional Medical Center, Inc. (7929); and Clarksdale Regional Medical Center, Inc. (4755); Amory Regional Physicians, LLC (5044); Batesville Regional Physicians, LLC (4952); Clarksdale Regional Physicians, LLC (5311)

2 This Debtor has filed its own Petition under Chapter 11 of the Bankruptcy Code at *In re: Clarksdale Regional Medical Center, Inc.*, U.S. Bankr. Case No. 3:18-bk-05678, but this Motion is filed in the present action pursuant to that *Expedited Final Order (I) Directing Join Administration of Related Chapter11 Cases, (II) Approving Case Management Procedures, and (III) Granting Related Relief* [Docket No. 50].

1. Curae Health, Inc. (the "Debtor") commenced this bankruptcy case by filing a Petition under Chapter 11 of the U.S. Bankruptcy Code in this Court on August 24, 2018.

2. No Trustee has been appointed in this matter, and both the Debtor and Clarksdale Debtor are managing their operations as Debtors-in-Possession.

3. Movant is a lessor of certain medical equipment (the "Equipment") to the Clarksdale Debtor, which Equipment is more specifically described in those Lease Schedule Nos. xxx2913 and xxx3033 to the *Master Equipment Lease* dated January 14, 2011, as amended and modified from time to time (the "Lease"). A copy of the Lease, Lease Schedule Nos. xxx2913 and xxx3033, and the amendments is attached as **Exhibit 1**.

4. Prior to filing this Bankruptcy Case, through July 2018, the Clarksdale Debtor was $5,145.45 in pre-petition arrears in payment under Lease Schedule xxx2913 and $4,046.22 in pre-petition arrears in payment under Lease Schedule xxx3033.

5. Since the filing of this Bankruptcy Case, the Clarksdale Debtor has remained in possession of the Equipment.

6. Upon information and belief, the Clarksdale Debtor continues to use the Equipment as part of its daily business operations at the Clarksdale Debtor location.

7. Since the filing of this Bankruptcy Case, the Clarksdale Debtor has failed to make the post-petition payments due under the Lease, which were due on August 30, 2018.

8. Upon information and belief, the Clarksdale Debtor lacks sufficient resources to adequately maintain the Equipment, resulting in the Equipment being at risk for deterioration and loss.

9. The Clarksdale Debtor has no realizable equity in the Equipment, and Movant alleges that the Equipment is burdensome and of inconsequential value to the Bankruptcy Estate.

10. Movant holds a lease, which must be assumed or rejected pursuant to 11 U.S.C. § 365.

11. The Clarksdale Debtor's failure to make the scheduled payments under the Lease is a material default, and Movant's interest in the Equipment is not being adequately protected due to the Clarksdale Debtor's continuing failure to make payments to Movant and Clarksdale Debtor's continuing use of the Equipment. Cause exists for granting Movant relief from the automatic stay, including the lack of adequate protection pursuant to 11 U.S.C. § 362(d)(1).

12. The Clarksdale Debtor has failed to provide adequate protection to Movant because there is no adequate assurance of prompt cure of existing arrearage and of future performance, as required under 11 U.S.C. § 365(b)(1).

13. In light of Movant's allegations regarding its Equipment and lack of adequate protection, if the Clarksdale Debtor is allowed to retain the Equipment, Movant requests that the Court enter an Order requiring the Clarksdale Debtor to make payments to Movant to compensate Movant for the use and depreciation of its Equipment pursuant to 11 U.S.C. §§ 363(e) and 361.

14. Further, Movant requests that the Court order that Clarksdale Debtor be required to perform all the obligations under the Lease, pending Clarksdale Debtor's election to assume or reject the Lease, pursuant to 11 U.S.C. § 365(d)(5). 11 U.S.C. § 365(d)(5) requires that the debtor in possession timely perform all obligations first arising from or and after 60 days after the order for relief under any unexpired lease, until that lease is assumed or rejected. Sixth Circuit law, as articulated in *In re Koenig Sporting Goods*, 203 F.3d 986 (6th Cir. 2000) and as further developed and expanded in *In re Travel 2000 Inc*., 264 .R. 444 (Bkrtcy. W.D. Mich. 2001) clearly mandate that where the debtor has availed itself of the use of leased property during the post-petition, pre-rejection period, it is obligated to compensate the lessor for said use.

15. In light of Movant's allegations regarding its Equipment and lack of adequate protection, Movant requests that the Court enter an Order requiring and compelling the Clarksdale Debtor to assume or reject the Lease pursuant to 11 U.S.C. § 365(d).

**WHEREFORE**, Movant requests the entry of an Order granting Movant relief from the automatic stay provisions of 11 U.S.C. § 362 to permit Movant to proceed with the enforcement of its rights under the Lease in the Equipment and applicable non-bankruptcy law; alternatively, Movant requests the entry of an Order requiring the Clarksdale Debtor to timely perform all the obligations under the Lease regarding Clarksdale Debtor's post–petition use of the Equipment and/or for the Court to compel the Clarksdale Debtor's assumption or rejection of the Lease, and for such other relief as this Court deems appropriate.

Respectfully submitted,

/s/ David M. Anthony
David M. Anthony # 019951
Bone McAllester Norton PLLC
511 Union Street, Suite 1600
Nashville, Tennessee 37219
(615) 238-6321 (Telephone)
Email: danthony@bonelaw.com
*Attorneys for Movant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been served via electronic notice/ECF on all parties registered to receive electronic notice in this case, as well via United States Mail, first class, postage prepaid to the following persons:

MICHAEL ANTHONY MALONE
POLSINELLI PC
401 COMMERCE STREET
SUITE 900
NASHVILLE, TN 37219

U.S. Trustee
701 Broadway
Suite 318
Nashville, Tennessee 37203-3966

this 12th day of September, 2018.

/s/ David M. Anthony
David M. Anthony