# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| In re ) | |
| ) | Case No. 18-05665 |
| Curae Health, Inc., *et.al*[1], ) | Chapter 11 |
| ) | |
| 1721 Midpark Road, Suite B200 ) | Judge Walker |
| Knoxville, TN 37921 ) | |
| ) | Jointly Administered |
| Debtors. ) | |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: September 18, 2018.**
**THE HEARING WILL BE: September 25, 2018, at 11:00 a.m. Central Standard Time in Courtroom 2, 2nd Floor Customs House, 701 Broadway, Nashville, TN 37203.**

**THE CITY OF AMORY, MISSISSIPPI'S LIMITED OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING BIDDING PROCEDURES FOR THE SALE OF GILMORE MEDICAL CENTER, (II) AUTHORIZING THE SALE OF GILMORE MEDICAL CENTER FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (III) APPROVING STALKING HORSE PURCHASER, BREAK-UP FEE, AND OVERBID PROTECTION, (IV) ESTABLISHING CERTAIN PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (V) SCHEDULING AN AUCTION, (VI) SCHEDULING A HEARING AND OBJECTION DEADLINES WITH RESPECT TO THE SALE OF GILMORE MEDICAL CENTER, (VII) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (VIII) GRANTING RELATED RELIEF**

Comes the City of Amory, Mississippi (the "City"), the provider of utility services and an unsecured creditor herein, and respectfully submits this limited objection to the Motion filed by the Debtor for the entry of an order (I) authorizing and approving bidding procedures for the sale of Gilmore Medical Center; (II) authorizing the sale of Gilmore Medical Center free and clear of all liens, claims, encumbrances and other interests; (III) approving stalking horse purchase, break-up fee, and overbid protections; (IV) establishing certain procedures for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Curae Health, Inc. (5638); Amory Regional Medical Center, Inc. (2640); Batesville Regional Medical Center, Inc. (7929); Clarksdale Regional Medical Center, Inc. (4755); Amory Regional Physicians, LLC (5044); Batesville Regional Physicians, LLC (4952); and Clarksdale Regional Physicians, LLC (5311).

assumption and assignment of executory contracts and unexpired leases; (V) scheduling an auction; (VI) scheduling a hearing and objection deadlines with respect to the sale of Gilmore Medical Center; (VII) approving the form and manner of notice thereof; and (VII) granting related relief (hereinafter, the "Motion"). In support hereof, the City respectfully states as follows:

1. The City is a municipality located in Monroe County, Mississippi, the county seat of which is the City. The City's Utilities Department administers all the City's electrical, gas, water, sewer and related services for the City. The Debtors herein have several utility accounts with the City (21 accounts total), and each account was active as of the filing of the bankruptcy petitions. The average utility costs incurred by the Debtors and owed to the City in the months leading up to the Chapter 11 filings was approximately $96,412.00. The City has been asked to agree to an adequate assurance deposit of only $41,307.50, which is woefully insufficient to protect the City's interests during the post-petition period. The City intends to oppose the adequate assurance proposed by the Debtors in the Utilities Motion.

2. Curae Health, Inc. ("Curae"), the lead Debtor herein, is a party to an Asset Purchase Agreement (the "Gilmore APA"), which includes Curae, Amory Regional Medical Center, Inc., Amory Regional Physicians, LLC, on the one side, and North Mississippi Health Services, Inc., defined therein as the "Buyer," on the other side. The Gilmore APA is Exhibit D to the Motion.

3. By the Motion, among other things, the Debtors seek this Court's approval of certain "Assumption and Assignment Procedures," and a related notice which is appended to the Motion as Exhibit E (hereinafter, the "Proposed Notice of Assumption").

2

746067.1/020180946
Case 3:18-bk-05665    Doc 194    Filed 09/18/18    Entered 09/18/18 16:22:42    Desc Main
Document      Page 2 of 6

4.      The APA refers (at pp. i and ii thereof) to numerous schedules and exhibits, a number of which appear to be related to the subject of the assumption and assignment of executory contracts and unexpired leases, and, therefore, material to an evaluation of the Proposed Notice of Assumption and related procedures.  However, at this time none of the contemplated schedules or exhibits has been appended to the APA or otherwise made available for review by creditors and other parties in interest.  Therefore, it is impossible for the City to determine, among other things, whether the parties to the APA deem any of the City's utility accounts to be executory contracts subject to assumption or rejection pursuant to 11 U.S.C. §365, and, if so, whether they intend to schedule any of them as Assumed Contracts or treat them as "Multi-Facility Contracts" under the APA or the Motion.

5.      Section 15 of the APA states that the parties to the APA shall complete the contemplated schedules and exhibits no later than September 24, 2018.  September 24, 2018 is the eve of the Sale Hearing, as proposed by the Debtors.  Thus, creditors and interested parties may have no meaningful opportunity to review material information contained in the schedules and exhibits before the commencement of the Sale Hearings.

6.      There appear to be numerous inconsistencies between the APA and the Proposed Notice of Assumption which are material to an evaluation of the Proposed Notice of Assumption and related procedures.  By way of example, and not of limitation, the City cites the following:

      A. Section 2.3(a) of the APA provides the assumption of any Assumed Contract shall be effective as of the "Effective Time," which is defined (section 3.1) to be one second after midnight of the date of the Closing.  By contrast, the Proposed Notice of Assumption states that any assumption will be effective on the "Assumption Effective Date," which is defined to be "…the later of (a)

3

the date following expiration of the Objection Deadline, if no Assumption Objection is filed, and (b) the entry of an order by the Court authorizing the assumption and assignment of such Contract or Lease." It is important that the effective time of any assumption be made clear because, among other things and in general, such determines when the assignee's liabilities for future obligations arising or maturing under the contracts begin, and when any cure amounts must be paid. The City's account arrearages must be addressed in connection with the proposed sale of assets.

B. Section 2.3(c) of the APA provides that, "…at any time (and from time to time) prior to the Closing," the Buyer may remove any previously-designated contract from the schedule of Assumed Contracts, or add to such schedule any previously-undesignated contract. By contrast, the Proposed Notice of Assumption specifies that the Buyer may take such an action, "up to the date that is thirty (30) days following the closing of the sale, or such other dates as mutually agreed upon by the purchaser and Debtors (the "Designation Deadline"),…" Besides the inconsistency between the two documents, if the provisions of the Proposed Notice of Assumption prevail, the counter-party to any contract that has been assumed as of the Closing will be subjected to needless uncertainty, possible delay, and other prejudice.

7. The City is also concerned with the break-up fee component and the incremental bidding component of the sale procedures and the APA. The proposed break-up fee (of 4%) is excessive, and is higher than is the custom in this District. Similarly, the City is concerned that

4

746067.1/020180946
Case 3:18-bk-05665    Doc 194    Filed 09/18/18    Entered 09/18/18 16:22:42    Desc Main
Document      Page 4 of 6

the initial incremental bid and the other incremental bids at auction are elevated, which could have a chilling effect on the bidding process.

8. The City reserves the right to amend or supplement these limited objections based upon the results of its further review and investigation of the matter, which are continuing, and within a reasonable time after the schedules and exhibits to the APA become available for review by the City.

WHEREFORE, the City of Amory prays that any consideration for approval of the assignment and assumption procedures, as proposed by the Motion, be deferred until amended documents resolving the inconsistencies between the APA and the Motion, and the contemplated schedules and exhibits to the APA, have been made available for review by creditors and parties in interest and said entities have been afforded a reasonable opportunity to review the same. The City also opposes the excessive break-up fee and the incremental bid components described in the sale procedures and the APA. The City respectfully requests that it be granted such other and further general relief to which it may be entitled.

This the 18th day of September, 2018.

/s/ Thomas H. Forrester
Thomas H. Forrester
G. Rhea Bucy
Linda W. Knight
Gullett, Sanford, Robinson & Martin, PLLC
150 Third Avenue South, Suite 1700
Nashville, TN 37201
(615) 244-4994
tforrester@gsrm.com; rbucy@gsrm.com;
lcatabay@gsrm.com; lknight@gsrm.com

*Attorneys for City of Amory, Mississippi*

5

## CERTIFICATE OF SERVICE

      I hereby certify that on September 18, 2018, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                        /s/ Thomas H. Forrester
                                        Thomas H. Forrester