# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Curae Health, Inc., *et al.*[1] | ) | Case No. 18-05665 |
| | ) | |
| 1721 Midpark Road, Suite B200 | ) | Judge Walker |
| Knoxville, TN 37921 | ) | |
| Debtors. | ) | Jointly Administered |

## ORDER APPROVING EMPLOYMENT OF BMC GROUP, INC. AS NOTICING AND CLAIMS AGENT FOR THE DEBTORS

Upon consideration of the Motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to 28 U.S.C. § 156(c) and Rule 2002 of the Federal Rules of Bankruptcy Procedure, for entry of an order authorizing the Debtors to retain BMC Group, Inc. ("BMC Group") as noticing and claims agent ("Claims Agent"), pursuant to the terms of the Agreement for Services, dated August 22, 2018 (the "Agreement"), attached to the Motion as Exhibit 1 to the Declaration of Tinamarie Feil; it appearing that the receiving, docketing, and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk of the United States Bankruptcy Court for the Middle District of Tennessee; and the Court being authorized pursuant to 28 U.S.C. § 156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide notices to parties in Title 11 cases and to receive, docket, maintain, photocopy, and transmit proofs of claim; and the Court being

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Curae Health, Inc. (5638); Amory Regional Medical Center, Inc. (2640); Batesville Regional Medical Center, Inc. (7929); and Clarksdale Regional Medical Center, Inc. (4755); Amory Regional Physicians, LLC (5044); Batesville Regional Physicians, LLC (4952); Clarksdale Regional Physicians, LLC (5311).

[2] Capitalized terms used, but not otherwise defined, herein shall have those meanings ascribed to them in the Motion.

satisfied that BMC Group has the capability and experience to provide such services and that BMC Group does not hold an interest adverse to the Debtors or their estates respecting the matters upon which they are to be engaged; and the Court having found that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue of the Motion and these Chapter 11 cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (d) good and sufficient notice of the Motion having been given; (e) no other or further notice being required; (f) the employment of BMC Group is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and (g) good and sufficient cause exists for granting the Motion;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. The Debtors are authorized, pursuant to 28 U.S.C. § 156(c) and Rule 2002(a) of the Federal Rules of Bankruptcy Procedure to retain and employ BMC Group as their Claims Agent in these cases, upon the terms and conditions set forth in the Motion and in the Agreement *nunc pro tunc* to the date of filing of these cases.

3. The Agreement is approved in its entirety.

4. The Debtors are authorized to compensate BMC Group for its services and reimburse BMC Group for any related expenses in accordance with applicable provisions of the Agreement without the need for BMC Group to file any fee Motions or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses, and such fees and expenses of BMC Group shall be treated as administrative expenses of the Debtors' Chapter 11 estates and shall be paid by the Debtors in the ordinary course of business; provided, however, that BMC Group shall apply the balance of its Retainer (after the payment of

prepetition fees and expenses) against any postpetition fees and expenses prior to payment under any carve-out provided for in any cash collateral or financing orders entered in the Chapter 11 cases.

5. In the event these Chapter 11 cases are converted to cases under Chapter 7 of the Bankruptcy Code, BMC Group will continue to be paid for its services until the claims filed in these Chapter 11 cases have been completely processed, and that if claims agent representation is necessary in the converted Chapter 7 cases, BMC Group shall continue to be paid in accordance with 28 U.S.C. § 156(c).

6. In the event that BMC Group is unable to provide the services set out in this Order, BMC Group will immediately notify the Clerk's Office and the Debtors and their counsel and cause to have all original proofs of claim (if applicable) and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk's Office and the Debtors and their counsel.

7. This Court shall retain exclusive jurisdiction over all matters arising out of or related to the Motion, the Agreement, and this Order.

**This Order Was Signed And Entered Electronically as Indicated At The Top Of The First Page**

- 3 -

64942872.1

Case 3:18-bk-05665    Doc 269    Filed 10/01/18    Entered 10/01/18 11:18:47    Desc Main
Document      Page 3 of 4

APPROVED FOR ENTRY:

**POLSINELLI PC**

*/s/ Michael Malone*
Michael Malone
401 Commerce Street, Suite 900
Nashville, TN 37219
Telephone: (615) 259-1510
Facsimile: (615) 259-1573
mmalone@polsinelli.com

-and-

David E. Gordon (*Admitted Pro Hac Vice*)
Caryn E. Wang (*Admitted Pro Hac Vice*)
1201 West Peachtree Street NW
Atlanta, Georgia
Telephone: (404) 253-6000
Facsimile: (404) 684-6060
dgordon@polsinelli.com
cewang@polsinelli.com

*Proposed Counsel to the Debtors and Debtors in Possession*