# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Curae Health, Inc., *et al*.[1] | ) | Case No. 18-05665 |
| | ) | |
| 1721 Midpark Road, Suite B200 | ) | Judge Walker |
| Knoxville, TN 37921 | ) | |
| Debtors. | ) | Jointly Administered |

**EXPEDITED MOTION FOR EXPEDITED HEARING ON DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO: (I)(A) SHUT DOWN THE CLARKSDALE HOSPITAL; (B) REJECT ALL UNEXPIRED LEASES AND CONTRACTS OF CLARKSDALE; AND (C) RECEIVE RELATED RELIEF; OR, IN THE ALTERNATIVE, (II)(A) TRANSFER OPERATIONS OF THE CLARKSDALE HOSPITAL TO A NEW OPERATOR FREE AND CLEAR OF ANY LIENS, CLAIMS, OR ENCUMBRANCES PURSUANT TO AN OPERATIONS TRANSFER AGREEMENT TO BE FILED WITH THE COURT; (B) ASSUME AND ASSIGN THE COAHOMA COUNTY LEASE AND CERTAIN OTHER UNEXPIRED LEASES AND CONTRACTS REQUESTED BY THE NEW OPERATOR; AND (C) RECEIVE RELATED RELIEF**

The above captioned debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned jointly administered chapter 11 cases (these "**Chapter 11 Cases**"), respectfully move the Court (this "**Motion for Hearing**") for entry of an order (the "**Order**"), in substantially the form filed contemporaneously herewith, setting an expedited hearing on the *DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO: (I)(A) SHUT DOWN THE CLARKSDALE HOSPITAL; (B) REJECT ALL UNEXPIRED LEASES AND CONTRACTS OF CLARKSDALE; AND (C) RECEIVE RELATED RELIEF; OR, IN THE ALTERNATIVE, (II)(A) TRANSFER OPERATIONS OF THE CLARKSDALE HOSPITAL TO A NEW OPERATOR FREE AND CLEAR OF ANY LIENS, CLAIMS, OR*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Curae Health, Inc. (5638); Amory Regional Medical Center, Inc. (2640); Batesville Regional Medical Center, Inc. (7929); and Clarksdale Regional Medical Center, Inc. (4755); Amory Regional Physicians, LLC (5044); Batesville Regional Physicians, LLC (4952); Clarksdale Regional Physicians, LLC (5311).

*ENCUMBRANCES PURSUANT TO AN OPERATIONS TRANSFER AGREEMENT TO BE FILED WITH THE COURT; (B) ASSUME AND ASSIGN THE COAHOMA COUNTY LEASE AND CERTAIN OTHER UNEXPIRED LEASES AND CONTRACTS REQUESTED BY THE NEW OPERATOR; AND (C) RECEIVE RELATED RELIEF* filed contemporaneously herewith (the "**Emergency Motion**").[2] In support of this Motion for Hearing, the Debtors respectfully state as follows:

## NEED FOR EXPEDITED HEARING PURSUANT TO LOCAL RULE 9075-1

1. <u>Expedited Relief Requested</u>. Local Rule 9075-1 allows the Court to grant emergency orders for expedited motions. Pursuant to Local Rule 9075-1(b), the Debtors request the Court set a hearing on the Emergency Motion on an expedited basis.

2. <u>Basis for Urgency</u>. An expedited hearing on the Emergency Motion is necessary because the Debtors have urgent need for relief with respect to the Clarksdale Hospital. The Debtors filed these Chapter 11 Cases for the purpose of keeping the Debtors' hospital Facilities open for the benefit of the Mississippi communities in which they are located until such time as the Facilities can be sold to new operators. Unfortunately, Debtors cannot continue to operate the Clarksdale Hospital without creating significant risk to all of the Debtors' Mississippi Facilities. Since the Petition Date, the Clarksdale Hospital has significantly underperformed under the Debtors' Budget for various reasons. Over the next three months, the Clarksdale Hospital is projected to operate at a cumulative negative cash flow of approximately $2.5 million. The Debtors' estates cannot sustain this level of negative cash flow, and Debtors must take immediate action to prevent the shutdown of all of the Debtors' Facilities.

---

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Emergency Motion.

3. Debtors are working diligently to locate a new operator willing to take over operation of the Clarksdale Hospital. If a new operator, or Coahoma County, were to step forward and agree to take over the Clarksdale Hospital, needed medical care could continue to be provided to the communities where the Clarksdale Hospital is located, the employees of the Clarksdale Hospital could remain employed, and the Debtors' estates would avoid the imposition of WARN Act liability and other shut down costs. However, in the event a new operator cannot be located in the very near term, Debtors must shut down the Clarksdale Hospital in order to preserve the operations of the Amory Facilities and Batesville Facilities and carry them through the sale process. Stated otherwise, if no new operator steps forward to take over Clarksdale, continuing to carry Clarksdale would bring down both Amory and Batesville. The Debtors' financial projections forecast that, even if the Debtors shut down the Clarksdale Hospital and are required to incur WARN Act liability and other shut down costs, Debtors will have sufficient liquidity to comply with their obligations under the DIP Financing, avoid administrative insolvency, and carry Amory and Batesville through the sale process.

4. Debtors understand and appreciate the gravity of the relief requested in the Emergency Motion and do not seek such relief lightly. This is an unfortunate situation. But Debtors must either shut down the Clarksdale Hospital or transfer operations of the Clarksdale Hospital to a new operator in early November. If the Debtors continue to operate the Clarksdale Hospital all of the Debtors' Facilities will be forced to shut down.

5. <u>Notice</u>. Concurrently with the filing of this Motion, the Debtors shall provide notice of this Motion for Hearing to: (a) the Office of the United States Trustee for the Middle District of Tennessee; (b) Centers for Medicare and Medicaid Services; (c) State of Tennessee Department of Health Division of Licensure and Regulation Office of Health Care Facilities; (d)

Mississippi State Department of Health; (e) counsel to the official committee of unsecured creditors established in these cases pursuant to Section 1102 of the Bankruptcy Code; (f) ServisFirst Bank and its counsel; (g) Midcap Financial Trust and its counsel; (h) CHS/Community Health Systems, Inc. and its counsel (i) all Tennessee local counsel having entered a notice of appearance in these cases; (j) the Internal Revenue Service; (k) the Tennessee Attorney General's Office; (l) the Mississippi Attorney General's Office; (m) the Tennessee Secretary of State; (n) the Contract Counterparties; (o) the Mississippi Health Facilities Licensure Unit; (p) the patient care ombudsman and her proposed counsel; and (q) any party that has requested notice pursuant to Bankruptcy Rule 2002. Service is being executed via the Court's CM/ECF system, email, hand delivery, and/or overnight mail.

6. <u>Suggested Hearing Date</u>. The Debtors request a hearing date on this Motion on **<u>October 23, 2018</u>** because Debtors must begin the shutdown of the Clarksdale Hospital or transfer operations of the Clarksdale Hospital to a new operator in early November.

7. <u>Support</u>. Debtors support for this Motion for Hearing is set forth in detail in the Emergency Motion and the exhibits attached thereto.

**WHEREFORE**, Debtors request that this Court enter an order setting a hearing on the Emergency Motion for **<u>October 23, 2018</u>** and granting such other and further relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: October 12, 2018<br>Nashville, Tennessee | Respectfully submitted,<br><br>**POLSINELLI PC**<br><br>*/s/ Michael Malone*<br>Michael Malone<br>401 Commerce Street, Suite 900<br>Nashville, TN 37219<br>Telephone: (615) 259-1510<br>Facsimile: (615) 259-1573<br>mmalone@polsinelli.com<br><br>-and-<br><br>David E. Gordon (Admitted *Pro Hac Vice*)<br>Caryn E. Wang (Admitted *Pro Hac Vice*)<br>1201 West Peachtree Street NW, Suite 1100<br>Atlanta, Georgia<br>Telephone: (404) 253-6000<br>Facsimile: (404) 684-6060<br>dgordon@polsinelli.com<br>cewang@polsinelli.com<br><br>*Counsel to the Debtors and*<br>*Debtors in Possession* |