# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No.: 3:18-bk-05665 |
| CURAE HEALTH INC., et al.[1] | ) | |
| | ) | Judge Charles Walker |
| 1721 Midpark Road, Suite B200 | ) | |
| Knoxville, TN 37921 | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |

---

**COAHOMA COUNTY'S RESPONSE AND OBJECTION TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO (I)(A) SHUT DOWN THE CLARKSDALE HOSPITAL; (B) REJECT UNEXPIRED LEASES AND CONTRACTS OR CLARKSDALE; AND (C) RECEIVE RELATED RELIEF; OR, IN THE ALTERNATIVE, (II)(A) TRANSFER OPERATIONS OF THE CLARKSDALE HOSPITAL TO A NEW OPERATOR FREE AND CLEAR OF ANY LIENS, CLAIMS, OR ENCUMBRANCES PURSUANT TO AN OPERATIONS TRANSFER AGREEMENT TO BE FILED WITH THE COURT; (B) ASSUME AND ASSIGN THE COAHOMA COUNTY LEASE AND CERTAIN OTHER UNEXPIRED LEASES AND CONTRACTS REQUESTED BY THE NEW OPERATOR; AND (C) RECEIVE RELATED RELIEF (DKT. NO. 314)**

---

Coahoma County, Mississippi ("Coahoma County") for its response and objection to the

Debtors' Emergency Motion for Entry of Order Authorizing Debtors to (I)(A) Shut Down the

Clarksdale Hospital; (B) Reject Unexpired Leases and Contracts or Clarksdale; and (C) Receive

Related Relief; or, in the Alternative, (II)(A) Transfer Operations of the Clarksdale Hospital to a

New Operator Free and Clear of Any Liens, Claims, or Encumbrances Pursuant to an Operations

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Curae Health, Inc. (5638); Amory Regional Medical Center, Inc. (2640); Batesville Regional Medical Center, Inc. (7929); and Clarksdale Regional Medical Center, Inc. (4755); Amory Regional Physicians, LLC (5044); Batesville Regional Physicians, LLC (4952) Clarksdale Regional Physicians, LLC (5311). 1304034:3

Transfer Agreement to be Filed with the Court; (B) Assume and Assign the Coahoma County Lease and Certain Other Unexpired Leases and Contracts Requested by the New Operator; and (C) Receive Related Relief (Dkt. No. 314) ("Emergency Motion") would state as follows:

1.     Coahoma County is a political subdivision of the State of Mississippi. Coahoma County owns the property referred to in the Emergency Motion as the Clarksdale Hospital. The Clarksdale Hospital was originally leased to Clarksdale HMA, Inc., as lessee, ("Clarksdale HMA"), and Health Management Associates, Inc., as guarantor, ("HMA").   A true and correct copy of the lease is attached as Exhibit "A" to the Emergency Motion. HMA guaranteed performance of all obligations under the lease.

2.     In early 2014 HMA merged with Community Health Systems, Inc. ("CHS"). By virtue of the merger, CHS became obligated under the guaranty of the lease agreement.[2]

3.     On or about November 17, 2017, Debtor Clarksdale Regional Medical Center, Inc. purchased from Health Management Associates, LLC, of which Clarksdale HMA, LLC is an affiliate, the remaining leasehold under the lease of the Clarksdale Hospital and assumed the lease of the Clarksdale Hospital. The Debtors currently operate the Clarksdale Hospital.

4.     The Clarksdale Hospital is a vital healthcare facility located in the heart of the Mississippi Delta.  It is the only acute care access hospital within an approximate forty-five (45) mile radius of Clarksdale. Attached as Exhibit 1 is a map of the Clarksdale area indicating the geographical location of the hospital and the nearest acute care hospitals. Due to the timing of this Emergency Motion, if granted, Debtors' decision to shutter the Clarksdale Hospital will adversely

---

[2] Coahoma County has put CHS on notice of its obligation under its guaranty to perform all of Debtors' obligations under the lease, which includes operating the hospital.

2

1304034:3

affect the residents of Coahoma County and the surrounding areas and leave this area of the Mississippi Delta without an acute care hospital. Many of the residents in the area have no other access to acute care facilities. Coahoma County is a rural Mississippi county, with a minority population of approximately 78%. Notably, approximately half of Coahoma County's residents live below the poverty line. For those residents who lack the ability to travel to another hospital or those residents who are in a life-threatening emergency, Debtors' decision to shutter Clarksdale may be the difference in life or death. Further, the employees of the Clarksdale Hospital will be left unemployed. Needless to say, Debtors' inability to run the Clarksdale Hospital has created a significant health care emergency in the Mississippi Delta.

5.     Coahoma County objects to this Emergency Motion being heard on shortened notice. Clarksdale Hospital is one of the largest employers in Coahoma County. Debtors seek to shed approximately one-third of their business, lay off hundreds of employees, and incur significant administrative claims in the form of WARN Act liability, while giving the creditors, employees, and other interested parties only eleven days' notice. This shortened of notice is compounded by the fact that Tim Brown, CFO of Curae Health, Inc., testified at the first meeting of creditors on October 1, 2018 that it was Debtors' goal to keep the hospitals "thriving and surviving whether that be under our (Curae's) leadership or someone else." Based on this testimony, Coahoma County believed Debtors would continue its regular operations or locate another operator. Twelve days' later, on a Friday evening, October 12, 2018, Debtors did a complete 180 degree turn, asserting they must shut the doors immediately.

6.     Coahoma County objects to this Emergency Motion because it fails to give Coahoma County or any interested party sufficient time to conduct even a minimal level of due

1304034:3

diligence to determine whether to take over operations of the hospital. Since the Debtors' abrupt decision to close the hospital unless someone took over its operations, Coahoma County has worked non-stop to locate a potential purchaser.[3] In that short period of time, Coahoma County has learned that there is significant interest in the hospital. For example, there is interest from a group headed by a local doctor; a group which includes a Mississippi doctor, a Mississippi lawyer and an investor from out of state; and another health care facility in the Mississippi Delta. Due to the timing of this motion and the Debtor's announced plan to shut the hospital down on November 5, 2018, it is practically impossible to put together a plan to transition the hospital to a third party with the protections of 11 U.S.C. § 363. Coahoma County will continue to work with these groups and perhaps others to ensure there is not a loss of health care coverage to its residents due to Debtors' actions. Although Coahoma County has not operated a hospital since it leased this facility to CHS in 1995, as a last case scenario, Coahoma County will operate the facility. Nonetheless, it is impossible for Coahoma County to do so on the Debtors' time frame which has the hospital closing on November 5, 2018.[4]

7.     Coahoma County objects to this Emergency Motion as premature, and submits that Debtors have not properly exercised its business judgment in making a decision to close the Clarksdale Hospital on three weeks' notice. It is unclear how much money Debtors are actually losing at this facility on a post-petition basis or if the cash flow issue is simply a timing issue

---

[3] It is unknown what if any steps Debtors' investment banker has taken to locate a buyer.

[4] Debtors' Emergency Motion leaves the impression that Coahoma County has been unwilling to assist the Debtors. In actuality, Debtors requested a $2.5 million donation from Coahoma County to fund it through the sales process. Coahoma County, as a governmental entity, is precluded by law from donating funds to any private entity as prohibited by the Mississippi Constitution. Mississippi Constitution of 1890, Section 100. Coahoma County did offer to fund certain operational costs, subject to the approval of the Mississippi Attorney General, but Debtors indicated this would not be sufficient.

4

1304034:3

caused by Debtors' own decision to change billing systems. Debtors' consultants' projected losses to be $2,500,000, through an orderly sales process, but the actual draft operating report for the first month in bankruptcy indicates that the Clarksdale had a positive EBIDTA of $35,000. Attached as <u>Exhibit 2</u> is the draft operating report for Clarksdale for the first month of the bankruptcy. Moreover, according to Debtors' motion, part of the problem with Clarksdale relates to delayed collections of receivables due entirely to Debtors' decision to switch to a new billing system. There is nothing in the motion to indicate how or when this cash flow issue will be addressed. But this is a timing issue and at some point those collections will improve and some portion of those billings will be collected. It is premature at best to shutter this hospital on an emergency basis without proof that the alleged emergency will not take care of itself with time.

8.     An immediate closure of the Clarksdale Hospital is also premature because it forecloses the possibility of a bankruptcy sale of the facility. As discussed in paragraph 6, since this motion was filed, Coahoma County has been contacted by a number of potential operators. Coahoma County does not believe Debtors have fully explored the possibility of transferring operations through a bankruptcy sale under Section 363. Among other benefits, a sale by Debtors would benefit Debtors and their estates by eliminating the substantial WARN Act liability and the resulting administrative claim that threatens the ability of existing creditors to recover on their claims. *See McMillan v. LTV Steel Co.*, 2007 U.S. Dist. LEXIS 71621 (N.D. Ohio 2007), citing *Oil, Chemical & Atomic Workers, AFL-CIO-CLC v. Hanlin Group, Inc. (In re Hanlin Group, Inc.)*, 176 B.R. 329, 334 (Bankr. D.N.J. 1995) (back pay awarded for post-petition violation of WARN Act entitled to administrative priority). While Debtors assert they cannot fund operations through a sale process, they do not discuss whether an expedited sale process or interim management

1304034:3

contract is a possibility.

9.　　　Finally, the Emergency Motion does not address the approval process from CMS and the Mississippi Health Department. Because it receives reimbursements from federal and state healthcare programs, such as Medicare and Medicaid, the Clarksdale Hospital must complete a change of ownership ("CHOW") notification process and submit certain documentation to the Centers for Medicare and Medicaid Services ("CMS"). The CHOW process is detail-intensive and must be accurately completed and timely submitted to CMS whenever an entity receiving reimbursements from government healthcare programs has a change of ownership or leases assets to another party. Failure to timely comply with the CHOW regulations can cause an entity to lose reimbursement privileges through government healthcare programs. It is unknown if Debtors have taken any such steps to put this facility in a position to be transferred to a third party by preparing a CHOW notice.

10.　　　The Emergency Motion puts the heath care of the residents of Coahoma County and the Mississippi Delta at risk. Coahoma County has shown that it is taking steps to address this crisis created by Debtors' inability to honor its obligations under the lease. At a minimum, this matter should be delayed for at least 30 days so that Coahoma County can put in place a mechanism to maintain the operations of the hospital, which as a last resort would involve Coahoma County taking over the operations of the hospital on an interim basis. This would benefit the Debtors by avoiding WARN Act liability, without forcing the Debtors to endure a drawn out sale process.

11.　　　While the bar is low to prove Debtors have exercised reasonable business judgment, there is still a bar. Debtors' rash decision to close the Clarksdale Hospital, resulting in substantial administrative liability on the WARN Act claims, should be questioned – particularly when they

1304034:3

just testified twelve days' prior that they intended to keep this facility open (under Curae's leadership or someone else's) and now seek authority to close down on emergency shortened notice. Coahoma County submits that Debtors have not met their burden of proving that rejection of the lease for the Clarksdale facility and immediate closure of the hospital is in the best interest of their bankruptcy estates. Coupled with the devastating effect this decision will have on the residents of Coahoma County and the employees of the Clarksdale Hospital, the Court should deny this Emergency Motion.

October 22, 2018                                  Respectfully submitted,


s/Erika R. Barnes
Erika R. Barnes (BPR #28628)
STITES & HARBISON PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
Telephone:   (615) 782-2252
ebarnes@stites.com
*Counsel for Coahoma County, Mississippi*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October, 2018, a true and correct copy of the foregoing document was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.


s/ Erika R. Barnes
Erika R. Barnes

1304034:3