Charles M. Walker
U.S. Bankruptcy Judge
Dated: 12/10/2018



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Curae Health, Inc., *et al.*[3] | ) | Case No. 18-05665 |
| | ) | |
| 1721 Midpark Road, Suite B200 | ) | Judge Walker |
| Knoxville, TN 37921 | ) | |
| Debtors. | ) | Jointly Administered |

## ~~PROPOSED~~ ORDER FIXING BAR DATES FOR FILING PROOFS OF CLAIM, APPROVING 503(b)(9) PROOF OF CLAIM FORM, AND APPROVING THE FORM AND MANNER <u>OF NOTICE OF THE 503(b)(9) CLAIMS BAR DATE</u>

Upon the motion (the "**Motion**")[4] of the above-captioned Debtors and Debtors in possession (the "**Debtors**") seeking entry of an order, establishing the bar dates and approving the form and notice thereof, for filing requests for the allowance of certain administrative expense claims against the Debtors, approving the use of the 503(b)(9) Proof of Claim Form, and approving the form and manner of notice thereof; and due and sufficient notice of the Motion having been given; and it appearing that the relief requested by the Motion is in the best interest of the Debtors' estates, the Debtors' creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein; and the Court having reviewed the Motion and considered the arguments made at the hearing, if applicable; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

---

[3] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Curae Health, Inc. (5638); Amory Regional Medical Center, Inc. (2640); Batesville Regional Medical Center, Inc. (7929); and Clarksdale Regional Medical Center, Inc. (4755); Amory Regional Physicians, LLC (5044); Batesville Regional Physicians, LLC (4952); Clarksdale Regional Physicians, LLC (5311).

[4] Any and all capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

66130571.3

2. January 21, 2019 is fixed as the General Bar Date.

3. February 20, 2019 is fixed as the as the Governmental Bar Date.

4. January 21, 2019 is fixed as the 503(b)(9) Bar Date.

5. The 503(b)(9) Proof of Claim Form substantially in the form attached hereto as **Exhibit 1** and the 503(b)(9) Bar Date Notice substantially in the form attached hereto as **Exhibit 2** are hereby approved.

6. Each person or entity asserting a pre-petition Claim as defined in section 101(5) of the Bankruptcy Code against the Debtors that does not constitute a 503(b)(9) Claim is required to submit a separate and original Official Bankruptcy Form 410 on or before the General Bar Date.

7. Each governmental entity asserting a claim as defined in section 101(5) of the Bankruptcy Code against the Debtors that constitutes a Governmental Claim is required to submit a separate and original proof of claim on or before the Governmental Bar Date.

8. Each person or entity asserting a claim as defined in section 101(5) of the Bankruptcy Code against the Debtors that constitutes an 503(b)(9) Claim is required to submit a separate and original 503(b)(9) Proof of Claim on or before the 503(b)(9) Bar Date.

9. Specifically with respect to 503(b)(9) Claims, the claimants are required to submit a proof of claim substantially in the form attached to hereto as **Exhibit 1** that sets forth with specificity:

> a. the amount of the claim;
> b. the type(s) of goods received by Debtors within twenty (20) days before the Petition Date;
> c. the shipment date of goods;
> d. the place of delivery of goods;
> e. the method of delivery of goods;
> f. the name of carrier of goods;

2

66130571.3
Case 3:18-bk-05665    Doc 544    Filed 12/11/18    Entered 12/11/18 08:26:32    Desc Main
Document    Page 2 of 19

  g. the alleged value of goods;

  h. whether the value of goods listed in this claim relates to services and goods;

  i. the percentage of value related to services and the percentage of value related to goods; and

  j. whether claimant has filed any other claim against Debtors relating to goods underlying its 503(b)(9) claim.

  10. All proofs of 503(b)(9) Claims must be accompanied by (i) the particular invoices, receipts, bills of lading, and similar materials identifying the goods underlying the claim; (ii) any demand to reclaim the goods under 11 U.S.C. § 546(c); and (iii) documents demonstrating the date the goods were actually received by the Debtors. Finally, any claimant asserting a 503(b)(9) Claim must certify that the goods were sold in the ordinary course of the Debtor's business.

  11. This Order does not apply to administrative expense claims of professionals retained pursuant to orders of this Court who may seek fees and expenses for their services pursuant to sections 330 and 331 of the Bankruptcy Code, and fees payable to the United States Bankruptcy Trustee pursuant to 28 U.S.C. § 1930.

<u>**Bar Date Procedures**</u>

  12. For a Claim, Governmental Claim, or 503(b)(9) Claim to be properly and validly filed, an original of the applicable proof of claim form (each, a "**Proof of Claim**"), signed by the claimant or an authorized agent of the claimant, accompanied by any supporting documentation required by Bankruptcy Rules 3001(c) and (d), must be actually received on or before the General Bar Date, Governmental Bar Date, or 503(b)(9) Bar Date by the Office of the Clerk of the United States Bankruptcy Court for the Middle District of Tennessee (Nashville Division) (the "**Clerk's Office**").

3

66130571.3

Case 3:18-bk-05665 Doc 544 Filed 12/11/18 Entered 12/11/18 08:26:32 Desc Main
Document Page 3 of 19

13. A claimant or an authorized agent of the claimant must file a Proof of Claim that is not 503(b)(9) Claim either: (a) electronically through the Court's EPOC website at **https://ecf.tnmb.uscourts.gov/cgi-bin/autoFilingClaims.pl**; (b) electronically through the Court's CM/ECF website at: **https://ecf.tnmb.uscourts.gov**; or (c) by mailing the Proof of Claim in accordance with paragraph 15 of this Order.

14. A claimant or an authorized agent of the claimant must file a 503(b)(9) Proof of Claim either: (a) electronically through the Court's CM/ECF website at: **https://ecf.tnmb.uscourts.gov** or (b) by mailing the 503(b)(9) Proof of Claim in accordance with paragraph 15 of this Order.

15. A claimant with five (5) or fewer Proofs of Claim in all the Chapter 11 Cases may file the Proofs of Claim either by (a) mailing to Bankruptcy Clerk's Office, Customs House Room 170, 701 Broadway, Nashville, TN 37203; or (b) delivering by overnight courier or messenger to Bankruptcy Clerk's Office, Customs House Room 170, 701 Broadway, Nashville, TN 37203.

16. All electronically filed Proofs of Claim must be filed under the case number of the applicable Debtor. Neither the Debtors nor the Clerk's Office shall be required to accept Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission. All Proofs of Claim must be in the English language and denominated in lawful United States currency.

17. The filing of a 503(b)(9) Proof of Claim, substantially conforming to the form hereto as **Exhibit 1** shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under Section 503(b)(9) of the Bankruptcy Code.

18. Notwithstanding the foregoing, the following entities, whose claims would otherwise be subject to the Bar Dates, need not file a Proof of Claim (collectively, the "**Excluded Claims**"):

(a) Any entity that has already properly filed a motion requesting allowance on account of a claim arising under section 503(b)(9) of the Bankruptcy Code;

(b) Any Entity (i) that agrees with the nature, classification, and amount of his, her, or its Claim as set forth in the Schedules, and (ii) whose Claim against the Debtors is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;

(c) Any entity that has already properly filed a Proof of Claim asserting a Claim or Governmental Claim;

(d) A holder of a 503(b)(9) Claim that previously has been allowed by order of the Court; and

(e) A holder of a Claim, Governmental Claim, or 503(b)(9) Claim that has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an Order of the Court.

19. Nothing in the Motion or this Order shall affect holders of administrative expense claims arising pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code that were incurred, accrued, or arose after the Petition Date.

### Notice Procedures

20. Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors shall serve copies of the 503(b)(9) Claims Bar Date Notice and the 503(b)(9) Proof of Claim Form by first class United States mail, postage prepaid, on or before three (3) business days after the entry of this Order on:

(A) The Office of the United States Bankruptcy Trustee;

(B) Counsel to the Committee;

(C) All known holders of claims and their counsel (if known) listed on the Debtors' schedules (as amended, the "**Schedules**");

(D) All parties known to the Debtors as having potential 503(b)(9) Claims against the Debtors' estates as of the date of this Order (if known);

(E) All counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

(F) All parties to litigation with the Debtors (as of the date of the entry of the this Order) and their counsel (if known);

(G) All parties who have requested notice pursuant to Bankruptcy Rule 2002;

5

66130571.3
Case 3:18-bk-05665   Doc 544   Filed 12/11/18   Entered 12/11/18 08:26:32   Desc Main
Document   Page 5 of 19

(H) All persons or entities that have previously filed proofs of claim in this case as of the date of this Order;

(I) The Internal Revenue Service;

(J) All other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

(K) The Securities and Exchange Commission;

(L) To the extent not already included in the above, all parties set forth on the creditor matrix filed by the Debtors (the "**Matrix**").

21. The service provided in Paragraph 20 of this Order shall constitute good, sufficient and due notice to all creditors and other entities that may have 503(b)(9) Claims of the 503(b)(9) Bar Date and the need to file a 503(b)(9) Proof of Claim by the 503(b)(9) Bar Date in order to preserve rights and obligations in connection with such 503(b)(9) Claims.

22. The Debtors and Clerk's Office are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

23. Nothing in this Order shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and/or any party in interest to dispute, or assert offsets or other defenses to any Claim, Governmental Claim, or 503(b)(9) Claim or to object to any Claim, Governmental Claim, or 503(b)(9) Claim on any basis, including as to amount, liability or characterization.

24. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

**This Order Was Signed And Entered Electronically As Indicated At The Top Of The First Page**

APPROVED FOR ENTRY:

**POLSINELLI PC**

*/s/ Michael Malone*
Michael Malone
401 Commerce Street, Suite 900
Nashville, TN 37219
Telephone: (615) 259-1510
Facsimile: (615) 259-1573
mmalone@polsinelli.com

-and-

David E. Gordon (Admitted *Pro Hac Vice*)
Caryn E. Wang (Admitted *Pro Hac Vice*)
1201 West Peachtree Street NW
Atlanta, Georgia
Telephone: (404) 253-6000
Facsimile: (404) 684-6060
dgordon@polsinelli.com
cewang@polsinelli.com

*Counsel to the Debtors and
Debtors in Possession*

# EXHIBIT 1

# PROPOSED 503(B)(9) PROOF OF CLAIM FORM

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF TENNESSEE<br>(NASHVILLE DIVISION) | | 503(b)(9)<br>ADMINISTRATIVE<br>EXPENSE CLAIM |
|---|---|---|
| In re:<br><br>Debtor. | Chapter 11<br><br>Case No. | ADMINISTRATIVE<br>BAR DATE:<br>**January 21, 2019** |
| NOTE: This form should be used <u>only by claimants asserting an administrative expense claim arising under 11 U.S.C. § 503(b)(9)</u>. This form should not be used for any other types of claim. | | |
| Name of creditor:<br>(The person or other entity to whom the debtor owed money or property.) | Name of debtor:<br>(The entity owing money or property)<br>Curae Health, Inc.<br>Amory Regional Medical Center, Inc.<br>Batesville Regional Medical Center, Inc.<br>Clarksdale Regional Medical Center, Inc.<br>Amory Regional Physicians, LLC<br>Batesville Regional Physicians, LLC<br>Clarksdale Regional Physicians, LLC | |
| Name and addresses where notices should be sent:<br><br><br><br><br><br>Telephone number:<br><br>Email: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if your address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Last four digits of account or other number by which creditor identifies debtor: | ☐ Check this box if this claim amends a previously filed claim.<br>Claim number (if known): _____.<br>Filed on: _____. | |
| 1. **Basis for claim:**<br>    ☐ Goods sold<br>    ☐ Services performed<br>    ☐ Other (describe briefly) | 2. **Date debt was incurred:** | |
| 3. **Date goods were received by debtor:** | | |
| 4. **Total amount of claim as of the date the debt was incurred:** _____. | | |

3

| | |
|---|---|
| | Check this box if the request includes interest or other charges in addition to the principal amount of the request. Attach itemized statement of all interest or additional charges. |

5. **Brief description of claim (attach any additional information):**

Type(s) of goods received by debtor within twenty (20) days before the August 24, 2018 petition date:

Shipment date of goods:

Place of delivery of goods:

Method of delivery of goods:

Name of carrier of goods:

Value of goods:

Whether the value of goods listed in this claim relates to services and goods:

The percentage of value related to services and the percentage of value related to goods:

Whether claimant has filed any other claim against debtor relating to goods underlying this claim:

Attach supporting materials required by field 8 and instructions below.

| 6. **Credits, setoffs, and counterclaims:** All payments made on this claim by the debtor have been credited and deducted from the amount claimed hereon.<br><br>This claim is subject to setoff or counterclaim as follows: | 7. **Assignment:**<br><br>Check this box if claimant has obtained this claim by assignment and attached a copy of assignment. |
|---|---|

8. **Supporting documents:** Attach **redacted** copies of supporting documents, such as promissory notes, purchaser orders, invoices, itemized statements of running accounts, or contracts.

All proofs of claim for 503(b)(9) claims must be accompanied by copies of: (i) the particular invoices, receipts, bills of lading, and similar materials identifying the goods underlying the claim; (ii) any demand to reclaim the goods under 11 U.S.C. § 546(c); and (iii) documents demonstrating the date the goods were actually received by the debtor.

Any claimant asserting a 503(b)(9) claim must certify that the goods were sold in the ordinary course of the debtor's business.

Do not send original documents. Attached documents may be destroyed after scanning. If the documents are not available, explain. If the documents are voluminous, attach a summary.

9. **Date-stamped copy:** To receive an acknowledgement of the filing of your claim, submit a copy of your proof of claim in a self-addressed, stamped return envelope along with your original claim.

10. **Signature:**
Check the appropriate box.

    I am the creditor.
    I am the creditor's authorized agent.
    I am the trustee, or the debtor, or their authorized agent (see Bankruptcy Rule 3004).
    I am a guarantor, surety, indorser, or other codebtor (see Bankruptcy Rule 3005).

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print name: _____
Title: _____
Company: _____  _____
Address and telephone number (if different from notice    (Signature)            (Date)
address above):
_____
_____
_____
Telephone number:            Email:

*Penalty for presenting a fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

### INSTRUCTIONS FOR PROOF OF CLAIM FORM
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Definitions.

**503(b)(9) Claim.**
A 503(b)(9) claim is a claim entitled to treatment in accordance with 11 U.S.C. § 503(b)(9). Specifically, 503(b)(9) claims are those claims for the "value of any goods received by the debtor, within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

**503(b)(9) Bar Date.**
By order of the United States Bankruptcy Court for the Middle District of Tennessee (Nashville Division), all claimants asserting 503(b)(9) claims must be filed electronically using the Court's CM/ECF by **January 21, 2019**.

**Claim.**
A claim is the creditor's right to receive payment for a debt owed by the debtor as defined in 11 U.S.C. § 101(5).

**Creditor.**
A creditor is a person, corporation, or other entity to whom the debtor owes a debt.

**Debtor.**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Proof of Claim.**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor. The creditor must file the form with the claims agent retained in this case as provided below.

**Redacted.**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of healthcare goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential healthcare information.

### General instructions and filing instructions.
1. Please read this proof of claim form carefully and fill it in completely and accurately.

2. Print legibly. Your claim may be disallowed if it cannot be read or understood.

3. The proof of claim form must be completed in English. The amount of the claim must be denominated in United States currency.

4. Attach additional pages if more space is required to complete the proof of claim.

5

5. This form should only be used by claimants asserting administrative expense claims arising under 11 U.S.C. § 503(b)(9). All other administrative expense claims must be asserted on a separate form.

6. All proofs of claim for 503(b)(9) claims must set forth with specificity: (i) the amount of the claim; (ii) the type(s) of goods claimant asserts were received by the debtor within twenty (20) days before the August 24, 2018 petition date; (iii) the shipment date of the goods; (iv) the date on which the claimant asserts the relevant debtor received the goods; (v) the place of delivery of the goods; (vi) the method of delivery of the goods; (vii) the name of the carrier of the goods; (viii) the alleged value of the goods; (ix) whether the value of the goods listed in the proof of claim represents a combination of services and goods; (x) the percentage of value related to services and the percentage of value related to goods; and (xi) whether the claimant has filed any other claim against the debtor regard the goods underlying this claim.

In addition, all proofs of claim for 503(b)(9) claims must be accompanied by copies of (x) the particular invoices, receipts, bills of lading, and similar materials identifying the goods underlying the claim; (y) any demand to reclaim the goods under 11 U.S.C. § 546(c); and (z) documents demonstrating the date the goods were actually received by the debtor.

Any claimant asserting a 503(b)(9) claim must certify that the goods were sold in the ordinary course of the debtor's business.

7. To be deemed properly filed, this proof of claim must contain an original signature and must be filed electronically using the Court's CM/ECF by **January 21, 2019**. If the claimant has five (5) or fewer proofs of claim, the claimant may mail this proof of claim form, so as to be actually received on or before **January 21, 2019,** to the following address:

>Office of the Clerk of the United States Bankruptcy Court
>for the Middle District of Tennessee
>(Nashville Division)
>Customs House Room 170
>701 Broadway
>Nashville, TN 37203

**Items to be completed in proof of claim form.**

**Creditor's name and address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Debtor's name:**
Check the box next to the debtor from whom the debt is owed.

**Account or other number by which creditor identifies debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

1. **Basis for claim:**
State the type of debt or how it was incurred. Examples include goods sold and services performed. If the claim is based on delivering healthcare goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential healthcare information. You may be required to provide additional disclosure if an interested party objects to the claim.

2. **Date debt was incurred:**
State the date or dates on which the debt was incurred.

3. **Date goods received by debtor:**
State the date or dates on which the goods underlying the claim were received by the debtor.

**4. Total amount of claim as of the date the debt was incurred:**
State the total amount owed to the creditor on the date or dates on which the debt was incurred. Check the box if interest or other charges are included in the claim.

5. **Brief description of claim (attach any additional information):**
Briefly describe the nature of the claim and attach any additional relevant information. Claimants must provide all requested information, including (i) the amount of the claim; (ii) the type(s) of goods claimant asserts were received by the debtor within twenty (20) days before the August 24, 2018 petition date; (iii) the shipment date of the goods; (iv) the date on which the claimant asserts the relevant debtor received the goods; (v) the place of delivery of the goods; (vi) the method of delivery of the goods; (vii) the name of the carrier of the goods; (viii) the alleged value of the goods; (ix) whether the value of the goods listed in the proof of claim represents a combination of services and goods; (x) the percentage of value related to services and the percentage of value related to goods; and (xi) whether the claimant has filed any other claim against the debtor regard the goods underlying this claim.

6. **Credits, setoffs, and counterclaims:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt. If claim is subject to setoff or counterclaim, check box and provide an explanation.

7. **Assignment:**
Check box and include copy of assignment if claimant obtained claim by way of assignment.

8. **Supporting documents:**
Attach redacted copies of any documents that show the debt exists. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If claim is based on delivering healthcare goods or services, limit disclosing confidential healthcare information. Do not send original documents, as attachments may be destroyed after scanning. If the documents are not available, provide explanation. If the documents are voluminous, attach a summary.

Claimants must provide all requested supporting documentation, including: copies of (x) the particular invoices, receipts, bills of lading, and similar materials identifying the goods underlying the claim; (y) any demand to reclaim the goods under 11 U.S.C. § 546(c); and (z) documents demonstrating the date the goods were actually received by the debtor.

Claimants must certify that the goods were sold in the ordinary course of the debtor's business.

9. **Date and signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). If your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for the purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

**EXHIBIT 2**

**PROPOSED FORM OF 503(b)(9) CLAIMS BAR DATE NOTICE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Curae Health, Inc., *et al.*[5] | ) | Case No. 18-05665 |
| | ) | |
| 1721 Midpark Road, Suite B200 | ) | Judge Walker |
| Knoxville, TN 37921 | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |

## NOTICE OF DEADLINES FOR FILING CERTAIN
## ADMINISTRATIVE EXPENSE CLAIMS AGAINST THE DEBTORS

On August 24, 2018 (the "**Petition Date**"), Curae Health, Inc. *et al.* (the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**").

PLEASE TAKE NOTICE THAT on December __, 2018, the United States Bankruptcy Court for the Middle District of Tennessee (Nashville Division) (the "**Court**") entered an order (the "**Bar Date Order**") in the Debtor's chapter 11 Case establishing the following:

    i.    January 21, 2019 as the general bar date (the "**General Bar Date**"), the deadline for all entities and persons (as each is defined in Bankruptcy Code sections 101(15) and 101(41) (each an "**Entity**" and together, "**Entities**") holding or wishing to assert an unsecured or secured, priority, or nonpriority claim (as defined in Bankruptcy Code section 101(5)) against the Debtors or the Debtors' bankruptcy estates arising or accruing prior to the Petition Date (each a "**Claim**"), to submit a proof of claim with respect to such Claim, by filing Official Bankruptcy Form 410;

    ii.    February 20, 2019 as the governmental bar date (the "**Governmental Bar Date**"), the deadline for governmental entities to submit a proof of claim against the Debtors or the Debtors' estates (each a "**Governmental Claim**");

---

[5] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Curae Health, Inc. (5638); Amory Regional Medical Center, Inc. (2640); Batesville Regional Medical Center, Inc. (7929); and Clarksdale Regional Medical Center, Inc. (4755); Amory Regional Physicians, LLC (5044); Batesville Regional Physicians, LLC (4952); Clarksdale Regional Physicians, LLC (5311).

iii. January 21, 2019 as the 503(b)(9) bar date ("**503(b)(9) Bar Date**", together with the Governmental Bar Date and the General Bar Date, the "**Bar Dates**"), the deadline for all entities and persons to submit a proof of claim against the Debtors or the Debtors' estates for a 503(b)(9) Claim (defined below), by submitting the 503(b)(9) Proof of Claim Form as provided below;

iv. Approving the use of administrative expense proof of claim form substantially in the form attached to the Proposed Order as **Exhibit 1**, and approving the form of the notice of the General Bar Date attached to the Proposed Order as **Exhibit 2** (the "**503(b)(9) Bar Date Notice**") and the manner of notice of the 503(b)(9) Bar Date Notice.

For purposes of this notice, an 503(b)(9) Claim shall be any claim arising pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code that was incurred, accrued, or arose during the period from and including 20 days before the Petition Date and entitled to an administrative expense priority under section 503(b)(9) of the Bankruptcy Code (each a "**503(b)(9) Claim**"). This definition is for illustrative purposes only and without prejudice to the Debtors or any other party in interest's right to assert that any claim or cause of action entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code was required to be filed by the 503(b)(9) Bar Date.

With respect to 503(b)(9) Claims, claimants are required to submit a proof of claim in the form of the 503(b)(9) Claim form attached to the Bar Date Order as **Exhibit 1** that sets forth with specificity:

    a. the amount of the claim;
    b. the type(s) of goods received by Debtors within twenty (20) days before the Petition Date;
    c. the shipment date of goods;
    d. the place of delivery of goods;
    e. the method of delivery of goods;
    f. the name of carrier of goods;
    g. the alleged value of goods;
    h. whether the value of goods listed in this claim relates to services and goods;
    i. the percentage of value related to services and the percentage of value related to goods; and

2
66130571.3
Case 3:18-bk-05665    Doc 544    Filed 12/11/18    Entered 12/11/18 08:26:32    Desc Main
Document    Page 16 of 19

j.  whether claimant has filed any other claim against Debtors relating to goods underlying its 503(b)(9) claim.

All proofs of 503(b)(9) Claims must be accompanied by (i) the particular invoices, receipts, bills of lading, and similar materials identifying the goods underlying the claim; (ii) any demand to reclaim the goods under 11 U.S.C. § 546(c); and (iii) documents demonstrating the date the goods were actually received by the Debtors. Finally, any claimant asserting a 503(b)(9) Claim must certify that the goods were sold in the ordinary course of the Debtor's business.

Nothing in the Bar Date Order affects holders of administrative expense claims arising pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code that were incurred, accrued, or arose after the Petition Date. Debtors intend to file a second motion setting a bar date for such claims.

Any documents supporting or evidencing a 503(b)(9) Claim should be attached to the proof of claim. Failure to attach such supporting documents may form the basis of an objection or disallowance of such Claim. Proofs of claim for 503(b)(9) Claims must be submitted separately and shall not be asserted on the same proof of claim as other Claims.

Notwithstanding the foregoing, the following claimants need *not* file a Proof of Claim prior to the applicable Bar Date:

(a)  Any entity that has already properly filed a motion requesting allowance on account of a claim arising under section 503(b)(9) of the Bankruptcy Code;

(b)  Any Entity (i) that agrees with the nature, classification, and amount of his, her, or its Claim as set forth in the Schedules, and (ii) whose Claim against the Debtors is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;

(c)  Any entity that has already properly filed a Proof of Claim asserting a Claim or Governmental Claim;

(d)  A holder of a 503(b)(9) Claim that previously has been allowed by order of the Court; and

3

(e) A holder of a Claim, Governmental Claim, or 503(b)(9) Claim that has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an Order of the Court.

**You should not file a 503(b)(9) Claim if you do not hold a 503(b)(9) Claim. The fact that you received this notice does not necessarily mean that you hold a 503(b)(9) Claim or that either the Debtors or the Court believes that you hold a 503(b)(9) Claim.**

Pursuant to the terms of the Bar Date Order, and except as otherwise provided herein, each person or entity that holds or asserts an 503(b)(9) Claim must file a proof of claim form with original signature, substantially conforming to the 503(b)(9) Proof of Claim Form, attached to the Bar Date Order, as follows:

A claimant or an authorized agent of the claimant must file a 503(b)(9) Proof of Claim either: (a) electronically through the Court's CM/ECF website at: **https://ecf.tnmb.uscourts.gov** or (b) if a claimant has five (5) or fewer Proofs of Claim in all the Chapter 11 Cases, such claimant may file the Proofs of Claim by mailing delivering by overnight courier or messenger to Bankruptcy Clerk's Office, Customs House Room 170, 701 Broadway, Nashville, TN 37203.

Proofs of Claim will be deemed timely filed only if actually received by the Clerk's Office on or before the applicable Bar Date. Further, neither the Debtors nor the Clerk's Office are authorized to accept any Proofs of Claim sent by facsimile, telecopy, or e-mail, and such claims will not be deemed to be properly filed claims.

Copies of the Bar Date Order are available for inspection during regular business hours at the Office of the Clerk, United States Bankruptcy Court for the Middle District of Tennessee (Nashville Division), Customs House Room 170, 701 Broadway, Nashville, Tennessee 37203. In addition, copies of the Bar Date Order may be viewed and downloaded for a fee at the Bankruptcy Court's website (http://ecf.tnmb.uscourts.gov) by following the directions for accessing the ECF system on such website.

4

66130571.3
Case 3:18-bk-05665    Doc 544    Filed 12/11/18    Entered 12/11/18 08:26:32    Desc Main
Document      Page 18 of 19

The Debtors and/or any party in interest reserves the right to dispute or assert offsets or defenses against any filed Claims, Governmental Claims, or 503(b)(9) Claims on any grounds.

**RECIPIENTS OF THIS NOTICE SHOULD CONSULT AN ATTORNEY IF SUCH RECIPIENT HAS ANY QUESTIONS REGARDING ANY CLAIM IT MAY HAVE AGAINST THE DEBTORS, INCLUDING WHETHER SUCH RECIPIENT SHOULD FILE AN 503(b)(9) PROOF OF CLAIM TO PROTECT ITS INTERESTS.**

Dated: December __, 2018.
      Nashville, Tennessee

          **POLSINELLI PC**

          */s/ Michael Malone*
          Michael Malone
          401 Commerce Street, Suite 900
          Nashville, TN 37219
          Telephone: (615) 259-1510
          Facsimile: (615) 259-1573
          mmalone@polsinelli.com

          -and-

          David E. Gordon (*Admitted Pro Hac Vice*)
          Caryn E. Wang (*Admitted Pro Hac Vice*)
          1201 West Peachtree Street NW
          Atlanta, Georgia
          Telephone: (404) 253-6000
          Facsimile: (404) 684-6060
          dgordon@polsinelli.com
          cewang@polsinelli.com

          *Counsel to the Debtors and*
          *Debtors in Possession*

5

66130571.3

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:18-bk-05665    Doc 544    Filed 12/11/18    Entered 12/11/18 08:26:32    Desc Main
Document    Page 19 of 19