# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

IN RE:

Curae Health, Inc., *et al.*,[1]

Debtors.

Case No. 18-05665 (Jointly Administered)
Chapter 11
Judge Charles M. Walker

## NOTICE AND MOTION FOR EXPEDITED HEARING ON SHORTENED NOTICE FOR THE MOTION OF LIQUIDATING TRUSTEE FOR (I) ENTRY OF A FINAL DECREE CLOSING THE DEBTORS' BANKRUPTCY CASES; (II) APPROVAL OF THE LIQUIDATING TRUSTEE'S FINAL ACCOUNTING; (III) TERMINATION OF THE LIQUIDATING TRUST; (IV) TERMINATION OF THE NOTICING AND CLAIMS AGENT; AND (V) RELATED RELIEF

Steven D Sass LLC, in its capacity as Liquidating Trustee and Debtor Representative (the "Trustee") of the Curae Health Liquidating Trust (the "Liquidating Trust"), appointed and empowered pursuant to the *Joint Chapter 11 Plan of Liquidation of Curae Health, Inc., et al.* [Docket No. 1074, Ex. A] (including all exhibits thereto and as the same may be amended, modified, or supplemented from time to time, the "Joint Plan") and the *Findings of Fact, Conclusions of Law, and Order Confirming the Joint Chapter 11 Plan of Liquidation of Curae Health, Inc., et al.* [Docket No. 1074] (the "Confirmation Order"), by and through its undersigned counsel, and hereby moves the Court (a) for an order shortening the time for notice and scheduling a hearing pursuant to Local Bankruptcy Rule 9075-1 on the *Motion of Liquidating Trustee for (I) Entry of a Final Decree Closing the Debtors' Bankruptcy Cases; (II) Approval of the Liquidating Trustee's Final Accounting; (III) Termination of the Liquidating Trust; (IV) Termination of the*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Curae Health, Inc. (5638); Amory Regional Medical Center, Inc. (2640); Batesville Regional Medical Center, Inc. (7929); and Clarksdale Regional Medical Center, Inc. (4755); Amory Regional Physicians, LLC (5044); Batesville Regional Physicians, LLC (4952); Clarksdale Regional Physicians, LLC (5311).

Case 3:18-bk-05665    Doc 1695    Filed 12/26/25    Entered 12/26/25 16:35:32    Desc
Main Document    Page 1 of 32

*Noticing and Claims Agent; and (V) Related Relief* (the "<u>Motion</u>") and (b) for an order and final decree, substantially in the form of the proposed order attached as **<u>Exhibit A</u>**, granting the relief requested in the Motion.

> **Request for an Order Setting Hearing on Shortened Notice.** Trustee requests the Court schedule a hearing within 26 days from the filing of this Notice and Motion, and suggests a hearing date of: **December 30, 2025 at 11:00 a.m. (CT)**.

As the basis for reducing the notice and time normally set for scheduling a hearing on the Motion, and in support of the Motion, the Trustee respectfully states as follows:

**I.. <u>Grounds for Shortening Notice and Setting Hearing</u>.**

1. The Trustee provides the following reasons for shortening notice and requesting a hearing; and that such hearing be set within the time frame suggested in the preceding paragraph.

**a. <u>Facts Supporting the Urgency of Shortening the Hearing Time and Notice</u>.**

2. Without shortened notice and reduced time, the nearest scheduled hearing date using the Court's if-objection procedure would be a hearing scheduled in 2026, which would cause the estates to incur additional, unnecessary fees given that the estate has been fully administered.

**b. <u>Argument in Support of Shortening Notice and Reduction of Time for Court to Act</u>.**

3. Pursuant to Bankruptcy Rule 9006(c)(1): "When a rule, notice given under a rule, or court order requires or allows an act to be done within a specified time, the court may—for cause and with or without a motion or notice—reduce the time."

4. Cause exists here to shorten the notice and reduce the time here. Importantly, the estates have been fully administered. "After the estate is fully administered in a Chapter 11 case, the court must, on its own or on a party in interest's motion, enter a final decree closing the case." Fed. R. Bankr. P. 3022. So, Bankruptcy Rule 3022 clearly allows final decrees in chapter 11 cases

to be granted *sua sponte* and ostensibly allows motions for final decrees in chapter 11 cases to be granted *ex parte*, especially because Bankruptcy Rule 3022 does not require "notice and hearing." Moreover, Bankruptcy Rule 3022 does not include any notice or objection period like Bankruptcy Rule 5009, which governs closing chapter 7, 12, 13, and 15 cases. Being fully administered, no reason exists to keep the cases open. Indeed keeping the cases open into 2026 will only cause the estates to incur additional, unnecessary fees. Consequently, cause exists to shorten notice and reduce time with respect to the Motion.

    **c.** **The Trustee asserts that such relief is an emergency and suggests the court schedule the hearing no later than the timeframe requested in this motion.**

**II.**     <u>**The Nature of the Substantive Relief Requested and Grounds for Granting Such Relief.**</u>

    5.     The Trustee, through the Motion, moves for an order and final decree, under sections 105(a) and 350(a) of title 11 of the United States Code (as amended, the "<u>Bankruptcy Code</u>"), rule 3022 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rule 3022-1 of the Local Rules of Court of the United States Bankruptcy Court for the Middle District of Tennessee (the "<u>Local Rules</u>"), (i) closing the bankruptcy cases of the Debtors effective as of December 30, 2025; (ii) approving the Trustee's final accounting (the "<u>Final Accounting</u>") attached hereto as **<u>Exhibit B</u>**, (iii) terminating and discharging BMC Group, Inc. ("<u>BMC Group</u>") as noticing and claims agent; and (iv) granting related relief, including (a) the termination of the Liquidating Trust; (b) the discharge and release of the Trustee and its professionals, agents, and employees; (c) the destruction and/or or abandonment of physical and digital documents in accordance with the Liquidating Trust Agreement [Docket No. 1014] (the "<u>Liquidating Trust Agreement</u>" or "<u>LTA</u>"); and (d) such other and further relief as the Court deems just and proper.

a. **<u>Trustee asserts the following facts that warrant the relief sought</u>:**

## <u>JURISDICTION AND VENUE</u>

6.      This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.

7.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

8.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## <u>BACKGROUND: GENERAL</u>

9.      On August 24, 2018 (the "<u>Petition Date</u>"), Curae Health, Inc. and its related debtors (collectively. the "<u>Debtors</u>") commenced their respective bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "<u>Chapter 11 Cases</u>"). The Debtors continued to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10.      On August 29, 2018, the Court approved Debtors' motion requesting that these Chapter 11 Cases be jointly administratively under Case No. 18-05665 [Docket No. 59].

11.      On September 6, 2019, the United States Trustee appointed the Official Unsecured Creditors Committee [Docket No. 112].

12.      On October 5, 2018, the Court entered an order authorizing the Debtors to retain BMC Group as noticing and claims agent ("<u>Claims Agent</u>") in these Chapter 11 Cases [Docket No. 282].

13.      The events leading up to the Petition Date are set forth in the Declaration of Stephen N. Clapp, Chief Executive Officer of Curae Health, Inc., in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 49], which is incorporated herein by reference.

14.     A detailed description of the Debtors and their business and the facts and circumstances supporting the Chapter 11 Cases and the events that transpired in these Cases is set forth in greater detail in the disclosure statement accompanying the Plan [Docket No. 835] ], which is also incorporated herein by reference.

15.     On May 13, 2019, the Court entered the Confirmation Order.

16.     The Effective Date[2] of the Plan occurred on June 11, 2019. See Notice of (i) Entry of Findings of Fact, Conclusions of Law, and Order Confirming the Joint Chapter 11 Plan of Liquidation of Curae Health, Inc., et al. and (ii) Effective Date (the "Notice of Effective Date") [Docket No. 1120].

## BACKGROUND: THE LIQUIDATING TRUST AGREEMENT

17.     The Plan provided for, among other things, the creation of the Liquidating Trust pursuant to a Liquidating Trust Agreement and the appointment of the Trustee to administer it. *See* Plan, § VII.B.

18.     Pursuant to section VII.B. of the Plan and section 1.3 of the LTA, the Liquidating Trust was created by the transfer of assets from the Debtors and their estates on the Plan's Effective Date. *See also* Notice of Effective Date at 1. No Plan Oversight Committee (the "POC") was formed in these Chapter 11 Cases.

19.     The primary purpose of the Liquidating Trust is to wind down the affairs of the Debtors and liquidate the Liquidating Trust Assets (as defined in the Liquidating Trust Agreement) for the benefit of the holders of Allowed General Unsecured Claims (as defined in the Plan). *See* LTA, § 1.1.

---

[2] As defined in the Plan.

20.     The Trustee is the authorized representative of the Liquidating Trust and has the authority and right to, among other things, close the Chapter 11 Cases. *See* Plan, § XII(O) ("Consistent with the other terms of this Plan, the Liquidating Trustee shall promptly, upon the full administration of the Chapter 11 Cases, file with the Bankruptcy Court all documents required by Bankruptcy the Chapter 11 Cases."). *See also* Plan, VII(L).

21.     With respect to the termination of the Liquidating Trust, the Plan provides in relevant part as follows:

> The existence of the Liquidating Trust and the authority of the Liquidating Trustee will commence as of the Effective Date and will remain and continue in full force and effect until the earlier of (a) the date on which all of the Assets are liquidated in accordance with the Plan, the funds in the Liquidating Trust have been completely distributed in accordance with the Plan, all tax returns and any other filings or reports have been filed with the appropriate state or federal regulatory authorities, and the Order closing the Chapter 11 Cases is a Final Order or (b) five (5) years after the date of creation of the Liquidating Trust, unless extended by the Bankruptcy Court as provided in the Liquidating Trust Agreement.

> At such time as the Liquidating Trust has been fully administered (i.e., when all things requiring action by the Liquidating Trustee have been done, and the Plan has been substantially consummated) and in all events within sixty (60) days after the Final Distribution Date, the Liquidating Trustee will file an application for approval of his final report and the entry of the final decree by the Bankruptcy Court.

*See* Plan, § VII(L).

22.     Section 9.1 of the Liquidating Trust Agreement similarly provides:

> . . . At such time as the Liquidating Trust has been fully administered (i.e., when all things requiring action by the Liquidating Trustee have been done, and the Plan has been substantially consummated) and in all events within sixty (60) days after the Final Distribution Date, the Liquidating Trustee will file an application for approval of its final report and the entry of the final decree by the Bankruptcy Court. Upon final distribution pursuant to this Agreement, the Liquidating Trustee shall retain the books, records, and files that shall have been delivered to or created by the Liquidating Trustee. At the Liquidating Trustee's discretion, all such records and documents may be destroyed at any time after two (2) years after the Final Distribution Date.

*See* LTA, § 9.1.

23.     Section 5.3 of the Liquidating Trust Agreement also requires the Trustee to render a final accounting containing at least the following information be presented to the Bankruptcy Court for approval:

(a)     a description of the Liquidating Trust Assets;

(b)     a summarized accounting in sufficient detail of all gains, losses, receipts, disbursements, and other transactions in connection with the Liquidating Trust and the Liquidating Trust Assets during the Liquidating Trustee's term of service, including their source and nature;

(c)     separate entries for all receipts of principal, income, or other proceeds;

(d)     the ending balance of all Liquidating Trust Assets (including any proceeds thereof) as of the date of the Liquidating Trustee's accounting, including the Cash balance on hand and the name and location of the depository where it is kept; and

(e)     all known liabilities owed by the Liquidating Trust.

*See* LTA, § 5.3. The Final Accounting is attached hereto as **Exhibit B**. Additionally, during the course of these Chapter 11 Cases, the Trustee filed reports with the U.S. Trustee's Office which are incorporated by reference in the Final Accounting with the same force and effect as if fully set forth therein.

24.     For the purposes of winding up the affairs of the Liquidating Trust at its termination, the Liquidating Trust Agreement specifies that Trustee will continue to act as Trustee until his duties have been fully discharged. *See* LTA, 9.3. Once such duties are fully discharged, "the … Trustee, and his agents, employees, and professionals shall have no further duties or obligations hereunder, except as required by this Agreement, the Plan, the Confirmation Order, or applicable law concerning the termination of a trust." *Id.* Upon a motion by the Trustee, the Bankruptcy Court may enter an order relieving the Liquidating Trustee, and his agents, employees, and professionals of any further duties, discharging the Liquidating Trustee, and releasing its bond, if any. *Id.*

## BACKGROUND: CIRCUMSTANCES SUPPORTING ENTRY OF FINAL DECREE, APPROVAL OF FINAL ACCOUNTING, AND RELATED RELIEF

25.    The current term of the Liquidating Trust expires on June 30, 2026, and was extended by the Court pursuant to the *Order Approving Fourth Extension of Term of the Liquidating Trust* [Docket No. 1693] (the "Fourth Extension Order").

26.    Since the establishment of the Liquidating Trust, the Trustee has diligently performed his duties under the LTA, including through (i) the liquidation and resolution of claims against the Debtors and their estates; (ii) the review and objection to, or otherwise resolution of all disputed claims; (iii) the payment of all secured, administrative, and priority claims; (iv) the filing or preparation of to file all required tax returns; and (v) distribution of Liquidating Trust funds totaling approximately $ 4.9 million to general unsecured creditors representing a dividend of approximately 35%. *See* Ex. A, Final Accounting.

27.    In accordance with the Plan, all fees payable pursuant to 28 U.S.C. § 1930 (the "U.S. Trustee Fees") have been or will be paid. *See* Plan, § IV(A)(4). The Trustee will file a final report in accordance with Local Rule 3022-1.

28.    Additionally, all motions, contested matters, and adversary proceedings in the Chapter 11 Cases have been finally resolved as of the hearing on this Motion. The only tasks left for the Trustee in the Chapter 11 Cases will be to (a) pay all fees required under 28 U.S.C. § 1930, if any, (b) complete any final tax filings or other reports in accordance with the Plan, (c) complete ministerial tasks necessary for the closing of the Debtors' estates. and (d) satisfy any other post-Effective Date fees and expenses in accordance with the Plan, the Confirmation Order, and the Liquidating Trust Agreement, including the payment of outstanding professional fees.

29.    As set forth in the Final Accounting, the assets remaining in the Liquidating Trust after the previous distributions to general unsecured creditors are not sufficient to make any further

meaningful distributions after paying anticipated closing expenses and expenses of professionals and other parties that have rendered services to the Liquidating Trust. Specifically, as of the filing of this Motion, the Liquidating Trust has approximately $ 28,670 on hand for final tax preparation, case closing expenses, and payments to parties that have provided services to the Liquidating Trust (including the Liquidating Trustee's professionals) and remain unpaid. The Liquidating Trustee does not anticipate having sufficient funds to pay parties that have provided services to the Liquidating Trust in full. Therefore, the Trustee seeks authority to fully wind down the Liquidating Trust and use the remaining Liquidating Trust assets to pay taxes, closing expenses and such unpaid fees.

30.     Accordingly, the Trustee respectfully submits that the Liquidating Trust and the Debtors' estates are fully administered (except for the completion of the above referenced tasks) because the Liquidating Trust has substantially completed the winding up the Debtors' estates and substantial consummation of the Plan has occurred. As such, the Trustee submits that closure of the Chapter 11 Cases is appropriate.

**b.  Trustee argues that such relief may be granted pursuant to the following:**

**RELIEF REQUESTED**

31.     By this Motion, the Trustee respectfully requests that the Court enter a Final Decree and order (i) closing the Chapter 11 Cases; (ii) terminating the Liquidating Trust in accordance with the terms of the Final Decree; (iii)  approving the Final Accounting; (iv) granting the Trustee authority after the payment of closing expenses to distribute the remaining assets of the Liquidating Trust to parties that have provided services to the Liquidating Trust (including the Trustee's professionals) and have not been paid in full; (v) discharging and releasing the Trustee and his professionals, agents, and employees; (vi) granting the Trustee authority to destroy or otherwise

abandon (in its discretion) records in accordance with the Liquidating Trust Agreement; (vii) terminating and discharging BMC Group as noticing and claims agent; and (viii) granting such other and further relief as the Court deems just and proper.

## BASIS FOR RELIEF: AMPLE CAUSE EXISTS TO CLOSE THE CHAPTER 11 CASES

32.     Bankruptcy Code section 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Pursuant to Bankruptcy Code section 105(a) "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). "After an estate is fully administered . . . the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Local Rule 3022-1 provides that "[w]ith the motion for a final decree pursuant to FED. R. BANKR. P. 3022, the debtor shall file a final report certifying the disbursements made under the plan and comply with LBR 9013-1." Local Rule 3022-1.

33.     "Bankruptcy Rule 3022 is intended to allow bankruptcy courts flexibility in determining whether an estate is fully administered." *Spierer v. Federated Dep't. Stores, Inc. (In re Federated Dep't. Stores, Inc.)*, 43 F. App'x 820, 822 (6th Cir. Aug. 5, 2002). The Advisory Committee's Note to Bankruptcy Rule 3022 sets forth the following factors that the court should consider in determining whether the estate has been fully administered including:

(1) whether the order confirming the plan has become final,

(2) whether deposits required by the plan have been distributed,

(3) whether the property proposed by the plan to be transferred has been transferred,

(4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan,

(5) whether payments under the plan have commenced, and

Case 3:18-bk-05665    Doc 1695    Filed 12/26/25    Entered 12/26/25 16:35:32    Desc
Main Document    Page 10 of 32

(6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

*See* Fed. R. Bankr. P. 3022*, 11 U.S.C.A., Advisory Committee Notes (1991). The foregoing factors are meant as a guide for determining whether a case should be closed; not all factors must be satisfied. *See, e.g., In re Federated Dep't. Stores, Inc.*, 43 F. App'x at 822 ("not all the factors set forth in the Advisory Committee Note need to be present to establish that a case is fully administered for final decree purposes"); *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990) (adopting the six factors as a guide and noting that not all factors need be present before entering a final decree). Moreover, courts have stated that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, 2005 Bankr. LEXIS 1322, at *5 (Bankr. D. Del. Jun. 24, 2005) (*citing In re Mold Makers, Inc.*, 124 B.R. 766 (Bankr. N.D. Ill. 1990)).

34. Application of the relevant factors to these Chapter 11 Cases favors granting the relief requested herein. The period for appealing the Confirmation Order has expired and the order has long become final. The Trustee has reconciled all claims against the Debtors. All motions, contested matters, and adversary proceedings in, and associated with, the Chapter 11 Cases have been finally resolved. In addition, all expenses arising from the administration of this case and effectuating the wind-down of the Debtors' estates and the Trusts, including final distributions under the Plans (which were made in accordance with the Plan, Confirmation Order, and Liquidating Trust Agreement), and court fees and fees required under 28 U.S.C. § 1930(a)(6), have been or will be paid as soon as practicable.

35. Additionally, as set forth above, the Trustee (i) is not aware of any amounts due and owing to the Clerk of the Court, (ii) is current or will be current on all U.S. Trustee fees due and owing through the fourth quarter of 2025, (iii) will make any necessary payments of U.S.

Trustee fees and amounts due and owing to the Clerk of the Court from the net cash on hand upon entry of the Final Decree and (iv) will file all required tax returns for 2025 with the appropriate state or federal regulatory authorities.

36.     In addition, with respect to the requirements of the Plan and Liquidating Trust Agreement relating to the entry of a final decree; approval of the Final Accounting; termination of the Liquidating Trust; and discharge of the Liquidating Trustee and his professionals, agents, and employees, the necessary conditions have been or will be met.

37.     Section 5.3 of the Liquidating Trust Agreement provides that the Trustee render a final accounting containing at least the following information be presented to the Bankruptcy Court for approval:

(a)     a description of the Liquidating Trust Assets;

(b)     a summarized accounting in sufficient detail of all gains, losses, receipts, disbursements, and other transactions in connection with the Liquidating Trust and the Liquidating Trust Assets during the Liquidating Trustee's term of service, including their source and nature;

(c)     separate entries for all receipts of principal, income, or other proceeds;

(d)     the ending balance of all Liquidating Trust Assets (including any proceeds thereof) as of the date of the Liquidating Trustee's accounting, including the Cash balance on hand and the name and location of the depository where it is kept; and

(e)     all known liabilities owed by the Liquidating Trust.

*See* LTA, § 5.3. The Final Accounting in accordance with the foregoing requirements is attached hereto as **Exhibit B**.

38.     Further, as set forth in the proposed Final Decree, the Trustee and its professionals, agents, and employees, should be discharged and released upon the termination and dissolution of the Liquidating Trust consistent with section 9.3 of the Liquidating Trust Agreement.

Case 3:18-bk-05665    Doc 1695    Filed 12/26/25    Entered 12/26/25 16:35:32    Desc
Main Document      Page 12 of 32

39.     With respect to the abandonment or destruction of the Liquidating Trust's records, section 554 of the Bankruptcy Code provides, among other things, that, "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Courts have held that a debtor-in-possession's decision to abandon property of the estate rests on the debtor's business judgment. *See e.g.*, *In re Cult Awareness Network, Inc.*, 205 B.R. 575, 579 (Bankr. N.D. Ill. 1997).

40.     Here, section 9.1 of the Liquidating Trust Agreement provides that "[u]pon final distribution pursuant to this Agreement, the Liquidating Trustee shall retain the books, records, and files that shall have been delivered to or created by the Liquidating Trustee. At the Liquidating Trustee's discretion, all such records and documents may be destroyed at any time after two (2) years after the Final Distribution Date." Section II(A) of the Plan defines the "Final Distribution Date" as the date on which the distribution is made from the Liquidating Trust that finally and fully exhausts the assets of the Liquidating Trust.

41.     With the closing of the Chapter 11 Cases, the records (both physical and digital) are of inconsequential value, are no longer necessary, and present only a burden on the Trustee and the Liquidating Trust, their professionals, and the estates. The ability to abandon and/or destroy any documents and records will enable the Trustee to complete the wind down process. Accordingly, granting the Trustee authority to abandon, dispose of and/or destroy any records (both physical and digital) is in the best interest of the estate and creditors.

42.     As such, the Debtors' estates have been fully administered and should be closed by the Court. Finally, in accordance with Local Rule 3022-l, the Trustee will file the final report as set forth therein. In sum, because the Plan has been substantially consummated, the Trustee submits this Court may close the Chapter 11 Cases pursuant to Local Rule 3022-1.

43.     Pursuant to Bankruptcy Code section 350(b), the Court retains jurisdiction to reopen the Chapter 11 Cases for further administration in the unlikely event that the need to do so arises. The relief sought herein shall not prejudice any other party in interest.

## BASIS FOR RELIEF: TERMINATION OF THE NOTICING AND CLAIMS AGENT

44.     Finally, the Trustee requests entry of an order terminating BMC Group as the noticing and claims agent. Upon termination, and except as otherwise provided herein or in the Final Decree, BMC Group shall have no further obligations to the Court, the Debtors, the Trustee, the Liquidating Trust, or any other party in interest as noticing and claims agent. BMC Group may, but is not obligated to, continue to provide any other services that may be requested by the Trustee and/or the Liquidating Trust.

45.     If BMC Group receives any mail regarding the Chapter 11 Cases after entry of an order granting this Motion, BMC Group will forward such mail to the Trustee as soon as is practicable.

## NO PRIOR REQUEST

46.     The Trustee submits that the relief sought in this Motion has not been previously requested in this Court or another court.

### III.     Proof of Service and Acknowledgement.

47.     As indicated in the attached certificate of service, Trustee has provided notice of the motion and all attachments to all parties registered to receive electronic service via the Court's CM/ECF System, including those parties listed on the attached CM/ECF Service Matrix.

### IV.     Objection to Timing of Hearing.

48.     Notwithstanding any objection period set forth in the Order Setting Hearing on Shortened Notice, any party-in-interest may object to the adequacy of the notice provided.   Based

Case 3:18-bk-05665    Doc 1695    Filed 12/26/25    Entered 12/26/25 16:35:32    Desc
Main Document    Page 14 of 32

on the foregoing, the Trustee requests the court grant the relief sought in the Motion; and for such other relief as the court deems proper and necessary.

WHEREFORE, the Trustee respectfully requests that this Court enter a Final Decree in substantially the form filed herewith as **Exhibit A** (i) closing the Chapter 11 Cases; (ii) terminating the Liquidating Trust in accordance with the terms of the Final Decree; (iii) approving the Final Accounting; (iv) granting the Trustee authority after the payment of closing expenses to distribute the remaining assets of the Liquidating Trust to parties that have provided services to the Liquidating Trust (including the Trustee's professionals) and have not been paid in full; (v) discharging and releasing the Trustee and his professionals, agents, and employees; (vi) granting the Trustee authority to destroy or otherwise abandon (in its discretion) records in accordance with the Liquidating Trust Agreement; (vii) terminating and discharging BMC Group as noticing and claims agent; and (viii) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,
this 26th of December 2025,

**MANIER & HEROD, P.C.**

/s/ Michael E. Collins
_____

Michael E. Collins (TN BPR No. 16036)
S. Marc Buchman (TN BPR No. 41598)
1201 Demonbreun Street, Suite 900
Nashville, Tennessee 37203
T: (615) 244-0030
F: (629) 500-1137
mcollins@manierherod.com
mbuchman@manierherod.com

-and-

**SILLS CUMMIS & GROSS, P.C.**

Andrew H. Sherman (*pro hac vice*)
Boris I. Mankovetskiy (*pro hac vice*)
One Riverfront Plaza
Newark, New Jersey 07102
T: (973) 643-7000
F: (973) 643-6500
asherman@sillscummis.com
bmankovetskiy@sillscummis.com

*Co-Counsel to Steven D Sass LLC, in its capacity as Liquidating Trustee and Debtor Representative*

# EXHIBIT A
## Proposed Order and Final Decree

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

IN RE:

Curae Health, Inc., *et al.*,[1]

         Debtors.

Case No. 18-05665 (Jointly Administered)
Chapter 11
Judge Charles M. Walker

**ORDER GRANTING THE MOTION OF LIQUIDATING TRUSTEE FOR**
**(I) ENTRY OF A FINAL DECREE CLOSING THE DEBTORS' BANKRUPTCY CASES;**
**(II) APPROVAL OF THE LIQUIDATING TRUSTEE'S FINAL ACCOUNTING;**
**(III) TERMINATION OF THE LIQUIDATING TRUST;**
**(IV) TERMINATION OF THE NOTICING AND CLAIMS AGENT;**
**AND (V) RELATED RELIEF**

Upon consideration of the motion (the "<u>Motion</u>") of Steven D Sass LLC, in its capacity as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Curae Health, Inc. (5638); Amory Regional Medical Center, Inc. (2640); Batesville Regional Medical Center, Inc. (7929); and Clarksdale Regional Medical Center, Inc. (4755); Amory Regional Physicians, LLC (5044); Batesville Regional Physicians, LLC (4952); Clarksdale Regional Physicians, LLC (5311).

1

Liquidating Trustee and Debtor Representative (the "Trustee") of the Curae Health Liquidating Trust (the "Liquidating Trust"), pursuant to Bankruptcy Code sections 105(a) and 350(a), Bankruptcy Rule 3022, and Local Rule 3022-1; and it appearing that the Chapter 11 Cases have been fully administered; and the Court having found that good and sufficient cause exists for granting the Motion,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      Any objections to the entry of this order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby OVERRULED and DENIED on the merits.

3.      The Chapter 11 Cases,[2] jointly administered under Case No. 18-05665, are hereby CLOSED and a final decree is granted effective as of December 30, 2025 (the "Final Decree").

4.      The Clerk of the Court shall be and hereby is directed to mark the Chapter 11 Cases as "closed."

5.      The Trustee's Final Accounting, attached as **Exhibit B** to the Motion, shall be and hereby is approved.

6.      The Liquidating Trust shall be and hereby is deemed terminated upon the earlier of (i) June 30, 2026 and (ii) the date that all remaining required tax returns for the Liquidating Trust for 2025 have been filed with the appropriate state or federal regulatory authorities, all remaining tasks necessary for the closing of the Debtors' estates have been effectuated, and all remaining assets of the Liquidating Trust have been distributed and/or paid as provided for in the Motion and this Final Decree.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

7.       Within ten (10) business days after the entry of this Final Decree, the Trustee shall (i) pay in full any outstanding U.S. Trustee fees and amounts due and owing to the Clerk of the Court from the assets of the Liquidating Trust.

8.       The Trustee shall be authorized to distribute the remaining Liquidating Trust assets for the payment of closing expenses and for payment of the fees of the parties owed outstanding amounts for services provided to the Liquidating Trust (including the Trustee's professionals) that have not been fully paid.

9.       Upon the termination of the Liquidating Trust, the Trustee and its professionals, agents, and employees shall be and hereby are deemed (i) to have fully completed their duties under the Plan and Liquidating Trust Agreement, (ii) not to have any further responsibilities in connection therewith, and (iii) to be released and discharged of their duties and obligations in carrying out the terms of the Plan and Liquidating Trust Agreement.  Their bonds, if any, shall be and hereby are deemed released upon the termination of the Liquidating Trust.

10.      The Trustee shall be and hereby is authorized, on or after the date that is two years after the date of the termination of the Liquidating Trust, to destroy or otherwise abandon (in its discretion) any and all books, records, files, or other documents (both physical and digital) in its actual or constructive possession relating to these Chapter 11 Cases or the administration of the Liquidating Trust.

11.      The employment of BMC Group, Inc. ("BMC Group") as the noticing and claims agent (in such capacity, the "Claims Agent") in the Chapter 11 Cases is terminated effective as of December 30, 2025.

12.      BMC Group is released and discharged as the Claims Agent and shall bear no further responsibility in the Chapter 11 Cases.

13.     BMC Group may reduce the public case administration website to a static homepage, and in its discretion may opt to deactivate the website altogether.

14.     BMC Group shall keep electronic copies of all records until one (1) year (after which time BMC Group may, but is not required to, destroy such records), and BMC Group need not keep paper copies of such records.

15.     BMC Group may destroy (A) all excess copies of notices, pleadings, plan solicitation documents, customized envelopes, and other printed materials, and (B) all undeliverable and/or returned mail not previously destroyed.

16.     Should BMC Group receive any mail regarding the Chapter 11 Cases, BMC Group shall forward, as soon as practicable, such mail to the Trustee.

17.     This Court shall retain jurisdiction with respect to any and all disputes related to the Chapter 11 Cases, including with respect to the Plan, the Confirmation Order. any orders entered in the Chapter 11 Cases, and the adjudication of any and all rights, claims, allocations, and other issues related to any annual costs reports for any period or any pending or future cost report appeals. Any party in the Chapter 11 Cases may seek leave of this Court to reopen the Chapter 11 Cases for further determination of any issue related to any of the foregoing.

18.     This Court shall have jurisdiction with respect to any issue arising from the implementation of this Final Decree or under this Final Decree in the event that the Chapter 11 Cases are reopened.

19.     Entry of this Final Decree is without prejudice to the rights of the Trustee, the U.S. Trustee, or any other party in interest to seek to reopen the Chapter 11 Cases for cause pursuant to Bankruptcy Code § 350(b).

20.     The Trustee is authorized to take any action necessary to effectuate the relief granted pursuant to this Order.

21.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, and 9014 or otherwise, the terms and conditions of this Final Decree and Order shall be immediately effective and enforceable upon its entry.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

Submitted for Entry By:

**MANIER & HEROD, P.C.**

/s/ Michael E. Collins
Michael E. Collins (TN BPR No. 16036)
S. Marc Buchman (TN BPR No. 41598)
1201 Demonbreun Street, Suite 900
Nashville, Tennessee 37203
T: (615) 244-0030
F: (629) 500-1137
mcollins@manierherod.com
mbuchman@manierherod.com

-and-

**SILLS CUMMIS & GROSS, P.C.**

Andrew H. Sherman (*pro hac vice*)
Boris I. Mankovetskiy (*pro hac vice*)
One Riverfront Plaza
Newark, New Jersey 07102
T: (973) 643-7000
F: (973) 643-6500
asherman@sillscummis.com
bmankovetskiy@sillscummis.com

*Co-Counsel to Steven D Sass LLC, in its capacity as Liquidating Trustee and Debtor Representative*

5

# EXHIBIT B
## Proposed Final Decree

**Curea Health Liquidating Trust**
**Final Accounting as of December 26, 2025**
**In re Curea Health, Inc., et al.**
**United States Bankruptcy Court for the Middle District of Tennessee, Case No. 18-05665**

| Description | Amount | |
|---|---|---|
| **Receipts** | | |
| Debtor Trust Financing | $ | 3,500,000.00 |
| Wells Fargo funds received to pay | | |
| Professionals pre-effective date | $ | 2,069,826.10 |
| USI Insurance Services | $ | 235,089.26 |
| Wells Fargo Batesville Medicare True-up | $ | 356,467.00 |
| Philips Medical Capital Refund | $ | 144,277.03 |
| North Mississippi Wire Reciept | $ | 242,400.80 |
| Chubb Insurance Settlement/Insurance | | |
| Proceeds | $ | 3,475,000.00 |
| Amory Escrow Release | $ | 1,255,022.47 |
| Blue Cross Blue Shield Settlement | $ | 126,544.67 |
| Wells Fargo Account Closing | $ | 4,851,106.01 |
| Preference Recoveries | $ | 531,465.76 |
| Accounts Receivable Collections | $ | 333,765.22 |
| Interest Income | $ | 3,676.05 |
| Rebates/Refunds | $ | 493,605.15 |
| Miscellaneous Receipts | $ | 206,527.69 |
| **Total Receipts** | $ | 17,824,773.21 |
| | | |
| **Disbursements** | | |
| Administrative Claim Payments | $ | 390,058.00 |
| General Unsecured Claims | $ | 4,907,365.00 |
| Priority Claim Payments | $ | 128,435.00 |
| Pre-Effective Professionals | $ | 2,533,278.00 |
| ServisFirst Bank Settlement | $ | 3,500,000.00 |
| US Trustee Fees | $ | 201,695.38 |
| Professional Fees | $ | 4,566,364.32 |
| Other Expenses | $ | 1,568,907.35 |
| **Total Disbursements** | $ | 17,796,103.05 |
| **Balance Remaining in Bank** | $ | 28,670.16 Held at TriState Capital Bank |
| | | 301 Grant Street, STE 2700, Pittsburg PA 15219 |

| GUC Distribution Dates | Percentage |
|---|---|
| 05/08/2022 | 15.00% |
| 11/02/2023 | 18.50% |
| 09/18/2024 | 1.53% |
| **Total Percentage Distributed** | **35.03%** |

| Attorney or Party Name, Address, Telephone & FAX No., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| MANIER & HEROD, P.C.<br><br>Michael E. Collins (TN BPR No. 16036)<br>1201 Demonbreun Street, Suite 900<br>Nashville, Tennessee 37203<br>T: (615) 244-0030<br>F: (629) 500-1137<br>mcollins@manierherod.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Steven D Sass LLC, in its capacity as Liquidating Trustee and Debtor Representative | |

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE – NASHVILLE DIVISION

| In re:<br><br><br>Curae Health, Inc., et al.,<br><br><br><br><br>Debtor(s). | CASE NO: 18-05665<br><br>CHAPTER: 11      JUDGE Charles M. Walker<br><br>ADVERSARY NO:<br><br>**CERTIFICATE OF SERVICE**<br>**(PROOF OF SERVICE OF DOCUMENT)** |
|---|---|

Indicate the manner in which service was accomplished for any and all paragraphs utilized below:

☐ Personal Delivery (Hand-delivery)  ☐ Overnight Mail  ☐ First Class Mail  ☐ Facsimile*  ☒ Email*
☐ Other (explain): _____
*Service by electronic means (facsimile or email) requires compliance with F.R.Civ.P. 5(b)(2)(E).*

**Certificate of Service When All Case Participants are CM/ECF Users (NEF Notice)**

I certify that on November 22, 2025, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. I checked the CM/ECF docket for this bankruptcy case or proceeding and determined that the following persons are on the Electronic Mail Notice List to receive Notice of Electronic Filing ("NEF") transmission at the email addresses stated below:

| | |
|---|---|
| ANDREW H SHERMAN | on behalf of Creditor Committee Official Committee of Unsecured Creditors of Curae Health Inc., et al. asherman@sillscummis.com, mdelgiudice@sillscummis.com |
| BENJAMIN MICHAEL KATZ | on behalf of Creditor Bio-Medical Applications of Mississippi Inc. bkatz@fbtlaw.com, sbryant@fbtlaw.com; cajones@fbtlaw.com; abatts@fbtlaw.com; sbryant@ecf.inforuptcy.com |
| BETH E ROGERS | on behalf of Creditor The USF Group Inc brogers@berlawoffice.com, distribution@berlawoffice.com |
| BORIS I MANKOVETSKIY | on behalf of Creditor Committee Official Committee of Unsecured Creditors of Curae Health Inc., et al. bmankovetskiy@sillscummis.com, mdelgiudice@sillscummis.com |
| BRITTANY S OGDEN | on behalf of Creditor Leaf Capital Funding LLC Brittany.Ogden@quarles.com, Kristie.Knitter@quarles.com |
| BRUCE ANTHONY SAUNDERS | on behalf of Interested Party Cigna Health and Life Insurance Company tsaunders@wyattfirm.com |
| CHRISTOPHER R MADDUX | on behalf of Creditor University of Mississippi Medical Center chris.maddux@butlersnow.com ecf.notices@butlersnow.com, velvet.johnson@butlersnow.com, mitch.carrington@butlersnow.com |
| Charles Wilkerson Cook, III | on behalf of Creditor Leaf Capital Funding LLC charlie.cook@arlaw.com, paralegalgroup@puryearlawgroup.com |
| DANIEL HAYS PURYEAR | on behalf of Creditor Cardinal Health 110 LLC dpuryear@ppclaw.com, paralegalgroup@puryearlawgroup.com |
| DARRYL T LANDWEHR | on behalf of Creditor GIFTED NURSES LLC D/B/A GIFTED HEALTHCARE dtlandwehr@cox.net |
| DAVID E. LEMKE | on behalf of Creditor MidCap Funding IV Trust david.lemke@hklaw.com Cathy.thomas@hklaw.com; hannah.berny@hklaw.com; annmarie.jezisek@hklaw.com; Chris.Cronk@hklaw.com |

DAVID G. THOMPSON                   on behalf of Creditor ServisFirst Bank dthompson@nealharwell.com


DAVID M ANTHONY                     on behalf of Creditor CHG-MERIDIAN USA Corp.
                                    david@exolegal.com


DAVID W HOUSTON, IV                 on behalf of Interested Party North Mississippi Health Services Inc.
                                    dhouston@burr.com, tneely@burr.com


ERIKA R. BARNES                     on behalf of Interested Party Coahoma County Mississippi
                                    ebarnes@stites.com, erikarbarnes@gmail.com; across@stites.com;
                                    docketclerk@stites.com


ERNO DAVID LINDNER                  on behalf of Creditor CHCT Mississippi LLC.
                                    elindner@bakerdonelson.com, dspiegel@bakerdonelson.com


G. RHEA BUCY                        on behalf of Creditor MEDHOST of Tennessee Inc.
                                    Rbucy@GSRM.com, asowney@gsrm.com; Djames@gsrm.com


GILL GELDREICH                      on behalf of Creditor Division of Medicaid State of Mississippi
                                    gill.geldreich@ag.tn.gov gill.geldreich@ag.tn.gov


GRIFFIN S DUNHAM                    on behalf of Creditor Committee Official Committee of Unsecured
                                    Creditors of Curae Health Inc., et al. griffin@dhnashville.com,
                                    admin@dhnashville.com; r40497@notify.bestcase.com


HARRY R CASH                        on behalf of Defendant Trustaff Travel Nurses LLC
                                    hcash@gkhpc.com, hdowney@gkhpc.com


JACOB E BOLTON                      on behalf of Trustee Steven D Sass LLC as Debtor Representative and
                                    Liquidating Trustee jbolton@manierherod.com


JAMES A BOBO                        on behalf of Creditor Division of Medicaid State of Mississippi
                                    jbobo@ago.state.ms.us

JAMES AUMAN HALTOM                     on behalf of Creditor Shumacher Clinical Partners
                                       James.haltom@tn.gov


JAMES E BAILEY, III                    on behalf of Creditor Methodist Healthcare - Memphis Hospitals Inc.
                                       jeb.bailey@butlersnow.com, ecf.notices@butlersnow.com;
                                       mary.elam@butlersnow.com

JAMES R. KELLEY                        on behalf of Creditor ServisFirst Bank jkelley_br@nealharwell.com
                                       LBrian@NealHarwell.com


JEFFREY W. MADDUX                      on behalf of Creditor Alliance Healthcare Services
                                       jmaddux@chamblisslaw.com; ttucker@chamblisslaw.com;
                                       ktaubert@chamblisslaw.com; gfairbanks@chamblisslaw.com;
                                       smeadows@chamblisslaw.com

JOHN DOUGLAS ELROD                     on behalf of Defendant Medline Industries Inc. elrodj@gtlaw.com,
                                       fieldss@gtlaw.com


JOHN L RYDER                           on behalf of Creditor TCF Equipment Finance jlr@harrisshelton.com


JOHN LELAND MURPHREE                   on behalf of Creditor Northwest Medical Center Inc.
                                       lmurphree@maynardcooper.com


JOHN T BAXTER                          on behalf of Creditor Comprehensive Hospitalists of MS LLC
                                       jbaxter@buchalter.com, rthomas@buchalter.com


JOSEPH P RUSNAK                        on behalf of Creditor BOA VIDA HEALTHCARE LLC
                                       JRUSNAK@TEWLAWFIRM.com, thobbs@tewlawfirm.com


JOSHUA K CHESSER                       on behalf of Creditor LTC Rehab 2 LLC jchesser@stites.com,
                                       tmastin@stites.com; docketclerk@stites.com


JUSTIN MICHAEL SVEADAS                 on behalf of Creditor CHCT Mississippi LLC.
                                       jsveadas@bakerdonelson.com, dspiegel@bakerdonelson.com

| | |
|---|---|
| KATHLEEN G STENBERG | on behalf of Creditor MidCap Funding IV Trust katie.stenberg@wallerlaw.com deborah.liles@wallerlaw.com; chris.cronk@wallerlaw.com; bk@wallerlaw.com |
| LEE HART | on behalf of Creditor Shumacher Clinical Partners lee.hart@nelsonmullins.com |
| LINDA W. KNIGHT | on behalf of Creditor City of Amory Mississippi LKNIGHT@GSRM.COM, jcook@gsrm.com;asowney@gsrm.com |
| MEGAN REED SELIBER | on behalf of U.S. Trustee US TRUSTEE megan.seliber@usdoj.gov |
| MICHAEL ANTHONY MALONE | on behalf of Debtor Amory Regional Medical Center Inc. mmalone@polsinelli.com, dgordon@polsinelli.com, cewang@polsinelli.com, sordaz@ecfalerts.com, ehodge@polsinelli.com; aedwards@polsinelli.com |
| MICHAEL DAVID JANKOWSKI | on behalf of Creditor STAT Informatic Solutions LLC mjankowski@reinhartlaw.com |
| MICHAEL EDWARD COLLINS | on behalf of Creditor Committee Official Committee of Unsecured Creditors of Curae Health Inc., et al. mcollins@manierherod.com |
| MICHAEL G ABELOW | on behalf of Creditor UnitedHealthcare Insurance Company mabelow@srvhlaw.com loduor@srvhlaw.com |
| PAUL G JENNINGS | on behalf of Creditor CHS/Community Health Systems Inc. pjennings@bassberry.com, bankr@bassberry.com;llewis@bassberry.com |
| ROBERT WILLIAM MILLER | on behalf of Creditor Committee Official Committee of Unsecured Creditors of Curae Health Inc., et al. rmiller@manierherod.com, dharris@sillscummis.com; asherman@sillscummis.com; BMankovetskiy@sillscummis.com |
| RONALD G STEEN, JR | on behalf of Creditor Aesynt Incorporated ronn.steen@thompsonburton.com |

| | |
|---|---|
| RONALD K. NEVIN | on behalf of Attorney RONALD K NEVIN<br>paralegal@ronnevinattorney.com nevinlawecf@gmail.com |
| RUSSELL EMERY STAIR | on behalf of Creditor CHS/Community Health Systems Inc.<br>rstair@bassberry.com |
| SEAN CHARLES KIRK | on behalf of Interested Party Progressive Medical Management of<br>Batesville LLC seankirk@pivotlegaltn.com |
| SHANE GIBSON RAMSEY | on behalf of Creditor Change Healthcare Technologies LLC<br>shane.ramsey@nelsonmullins.com,<br>jada.prendergast@nelsonmullins.com;<br>linnea.hann@nelsonmullins.com |
| STEPHEN BARGANIER PORTERFIELD | on behalf of Creditor MedPlan Inc. stephen.porterfield@dentons.com |
| STEPHEN MICHAEL MONTGOMERY | on behalf of Defendant ServisFirst Bank<br>smontgomery@nealharwell.com |
| Samuel Marc Buchman | on behalf of Trustee Steven D Sass LLC as Debtor Representative and<br>Liquidating Trustee mbuchman@manierherod.com |
| THOMAS H. FORRESTER | on behalf of Creditor City of Amory Mississippi tforrester@gsrm.com,<br>djames@gsrm.com; djoscelyn@gsrm.com |
| THOMAS W TUCKER III | on behalf of Creditor HHS Culinary & Nutritional Services LLC<br>tomtucker@bellsouth.net |
| US TRUSTEE | ustpregion08.na.ecf@usdoj.gov |
| WAVERLY ALMON HARKINS | on behalf of Attorney c/o Waverly Harkins Coahoma County Board of<br>Supervisors scook@watkinseager.com |

WILLIAM FREDERICK MCCORMICK     on behalf of Creditor TN Dept of Labor - Bureau of Unemployment
Insurance agbanklundin@ag.tn.gov


WILLIAM L NORTON, III     on behalf of Creditor Athenahealth bnorton@bradley.com

Dated: December 26, 2025

MANIER & HEROD, P.C.
/s/ Michael E. Collins
Michael E. Collins (TN BPR No. 16036)
1201 Demonbreun Street, Suite 900
Nashville, Tennessee 37203
T: (615) 244-0030
F: (629) 500-1137
mcollins@manierherod.com

This form has been approved for use by the United States Bankruptcy Court for the Middle District of Tennessee and recommended for use

June 2025                                                                                          TNMB CERTIFICATE OF SERVICE FORM

Case 3:18-bk-05665    Doc 1690    Filed 12/26/25    Entered 12/26/25 00:39:37    Desc
Main Document    Page 32 of 32