SO ORDERED.
SIGNED 30th day of December, 2025

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Charles M. Walker
U.S. Bankruptcy Judge



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>Curae Health, Inc., *et al.*,[1]<br><br>Debtors. | Case No. 18-05665 (Jointly Administered)<br>Chapter 11<br>Judge Charles M. Walker |

**ORDER GRANTING THE MOTION OF LIQUIDATING TRUSTEE FOR
(I) ENTRY OF A FINAL DECREE CLOSING THE DEBTORS' BANKRUPTCY CASES;
(II) APPROVAL OF THE LIQUIDATING TRUSTEE'S FINAL ACCOUNTING;
(III) TERMINATION OF THE LIQUIDATING TRUST;
(IV) TERMINATION OF THE NOTICING AND CLAIMS AGENT;
<u>AND (V) RELATED RELIEF</u>**

Upon consideration of the motion (the "<u>Motion</u>") of Steven D Sass LLC, in its capacity as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Curae Health, Inc. (5638); Amory Regional Medical Center, Inc. (2640); Batesville Regional Medical Center, Inc. (7929); and Clarksdale Regional Medical Center, Inc. (4755); Amory Regional Physicians, LLC (5044); Batesville Regional Physicians, LLC (4952); Clarksdale Regional Physicians, LLC (5311).

Liquidating Trustee and Debtor Representative (the "Trustee") of the Curae Health Liquidating Trust (the "Liquidating Trust"), pursuant to Bankruptcy Code sections 105(a) and 350(a), Bankruptcy Rule 3022, and Local Rule 3022-1; and it appearing that the Chapter 11 Cases have been fully administered; and the Court having found that good and sufficient cause exists for granting the Motion,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Any objections to the entry of this order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby OVERRULED and DENIED on the merits.

3. The Chapter 11 Cases,[2] jointly administered under Case No. 18-05665, are hereby CLOSED and a final decree is granted effective as of December 30, 2025 (the "Final Decree").

4. The Clerk of the Court shall be and hereby is directed to mark the Chapter 11 Cases as "closed."

5. The Trustee's Final Accounting, attached as **Exhibit B** to the Motion, shall be and hereby is approved.

6. The Liquidating Trust shall be and hereby is deemed terminated upon the earlier of (i) June 30, 2026 and (ii) the date that all remaining required tax returns for the Liquidating Trust for 2025 have been filed with the appropriate state or federal regulatory authorities, all remaining tasks necessary for the closing of the Debtors' estates have been effectuated, and all remaining assets of the Liquidating Trust have been distributed and/or paid as provided for in the Motion and this Final Decree.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

7. Within ten (10) business days after the entry of this Final Decree, the Trustee shall (i) pay in full any outstanding U.S. Trustee fees and amounts due and owing to the Clerk of the Court from the assets of the Liquidating Trust.

8. The Trustee shall be authorized to distribute the remaining Liquidating Trust assets for the payment of closing expenses and for payment of the fees of the parties owed outstanding amounts for services provided to the Liquidating Trust (including the Trustee's professionals) that have not been fully paid.

9. Upon the termination of the Liquidating Trust, the Trustee and its professionals, agents, and employees shall be and hereby are deemed (i) to have fully completed their duties under the Plan and Liquidating Trust Agreement, (ii) not to have any further responsibilities in connection therewith, and (iii) to be released and discharged of their duties and obligations in carrying out the terms of the Plan and Liquidating Trust Agreement. Their bonds, if any, shall be and hereby are deemed released upon the termination of the Liquidating Trust.

10. The Trustee shall be and hereby is authorized, on or after the date that is two years after the date of the termination of the Liquidating Trust, to destroy or otherwise abandon (in its discretion) any and all books, records, files, or other documents (both physical and digital) in its actual or constructive possession relating to these Chapter 11 Cases or the administration of the Liquidating Trust.

11. The employment of BMC Group, Inc. ("BMC Group") as the noticing and claims agent (in such capacity, the "Claims Agent") in the Chapter 11 Cases is terminated effective as of December 30, 2025.

12. BMC Group is released and discharged as the Claims Agent and shall bear no further responsibility in the Chapter 11 Cases.

13. BMC Group may reduce the public case administration website to a static homepage, and in its discretion may opt to deactivate the website altogether.

14. BMC Group shall keep electronic copies of all records until one (1) year (after which time BMC Group may, but is not required to, destroy such records), and BMC Group need not keep paper copies of such records.

15. BMC Group may destroy (A) all excess copies of notices, pleadings, plan solicitation documents, customized envelopes, and other printed materials, and (B) all undeliverable and/or returned mail not previously destroyed.

16. Should BMC Group receive any mail regarding the Chapter 11 Cases, BMC Group shall forward, as soon as practicable, such mail to the Trustee.

17. This Court shall retain jurisdiction with respect to any and all disputes related to the Chapter 11 Cases, including with respect to the Plan, the Confirmation Order. any orders entered in the Chapter 11 Cases, and the adjudication of any and all rights, claims, allocations, and other issues related to any annual costs reports for any period or any pending or future cost report appeals. Any party in the Chapter 11 Cases may seek leave of this Court to reopen the Chapter 11 Cases for further determination of any issue related to any of the foregoing.

18. This Court shall have jurisdiction with respect to any issue arising from the implementation of this Final Decree or under this Final Decree in the event that the Chapter 11 Cases are reopened.

19. Entry of this Final Decree is without prejudice to the rights of the Trustee, the U.S. Trustee, or any other party in interest to seek to reopen the Chapter 11 Cases for cause pursuant to Bankruptcy Code § 350(b).

20. The Trustee is authorized to take any action necessary to effectuate the relief granted pursuant to this Order.

21. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, and 9014 or otherwise, the terms and conditions of this Final Decree and Order shall be immediately effective and enforceable upon its entry.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

Submitted for Entry By:

**MANIER & HEROD, P.C.**

/s/ Michael E. Collins
Michael E. Collins (TN BPR No. 16036)
S. Marc Buchman (TN BPR No. 41598)
1201 Demonbreun Street, Suite 900
Nashville, Tennessee 37203
T: (615) 244-0030
F: (629) 500-1137
mcollins@manierherod.com
mbuchman@manierherod.com

-and-

**SILLS CUMMIS & GROSS, P.C.**

Andrew H. Sherman (*pro hac vice*)
Boris I. Mankovetskiy (*pro hac vice*)
One Riverfront Plaza
Newark, New Jersey 07102
T: (973) 643-7000
F: (973) 643-6500
asherman@sillscummis.com
bmankovetskiy@sillscummis.com

*Co-Counsel to Steven D Sass LLC, in its capacity as Liquidating Trustee and Debtor Representative*